## LAWLER, ADM'R, &C., vs. NORRIS.

[ACTION BY ADMINISTRATOR ON NOTE GIVEN FOR RENT OF LAND.]

1. *When court may charge jury to find for defendant if they believe the evidence.*—To authorize the court to instruct the jury, that if they believe the evidence they must find for the defendant, the evidence must be clear, without conflict, and leave nothing to be done except to draw a legal conclusion from the facts.

2. *Presumption in favor of judgment.*—When the bill of exceptions professes to set out all the evidence, it cannot be presumed on error, in favor of the correctness of a charge given, that a fact was proved which is not found in the record.

APPEAL from the Circuit Court of Autauga.

Tried before the Hon. GEO. D. SHORTRIDGE.

THIS action was founded on a promissory note, of which the following is a copy :

" On or before the first day of January next, I promise to pay James A. Lawler, sheriff and administrator of R. H. Gaston, deceased, sixty dollars for rent of land of said deceased. March 23, 1854." (signed) " A. B. Norris."

The bill of exceptions states that the plaintiff read this note in evidence, and then proceeds thus : " It was also in evidence, that plaintiff, as the administrator of said R. H. Gaston, deceased, had publicly advertised the lands of said deceased for rent, and had failed to rent them for want of bidders; that he rented them, in a short time afterwards, to the defendant, who gave the note in evidence therefor; that defendant did not take possession of the lands; that no one

else was in actual possession, and he was not prevented from taking possession; that the lands lay adjoining defendant's lands; that no notice was given to the plaintiff that defendant did not take possession of the lands, until a month after the date of the note; that the lands were not rented to any other person during that year; and that it was too late, after plaintiff received notice that defendant did not take possession, to rent out said lands for that year, to make the usual crop. This was all the evidence in the cause. The court charged the jury, that if they believed the evidence in the cause, they must find a verdict for the defendant; to which charge the plaintiff excepted", and which he now assigns as error.

ELMORE & YANCEY, for the appellant, contended that the defendant was estopped from setting up the defense that the renting of the land was unauthorized, and cited the following cases: Lampkin v. Reese, 7 Ala. 173; Alderson v. Harris, 12 ib. 586; McCravey v. Remson, 19 ib. 430; McRae v. Russell, 12 Ired. L. 225.

S. S. McWHORTER, contra, argued that the note was void, because the administrator had no authority to rent the land privately.—Leavens v. Butler, 3 Porter, 380; White & Gayle v. Lester & White, 2 Stew. 331; Caines' R. 147; Fambro v. Gantt, 12 Ala. 298.

WALKER, J.—It does not appear from the bill of exceptions that the renting of land, which was the consideration of the note sued upon, was private, or not at public auction. The note purports on its face to have been given for the rent of the land of plaintiff's intestate; and the bill of exceptions states, that the plaintiff "rented the land to the defendant, who gave the note sued on therefor; but there is not one word in the bill of exceptions, upon the point of the privacy or publicity of the renting. The court charged the jury, that if they believed the evidence, they must find for the defendant; and the bill of exceptions professes to set out the entire evidence. We can not intend, in favor of the charge given, that a fact was proved not found in the bill

of exceptions.  To support such a charge, the evidence must be clear, without conflict, and leave nothing to be done except to draw a legal conclusion from the facts.—Abney v. Pickett, 21 Ala. 739; Knight v. Bell, 22 *ib.* 198; Hollingsworth v. Martin, 23 *ib.* 591; Woodfolk v. Sullivan, *ib.* 538. It is possible that, under the facts before the jury, it might have been a question whether the sale was private; but it was not the province of the court to determine that question.

From the state of the record, as above described, it results that the question, which was argued by counsel, whether a note given to an administrator, upon a private renting of the lands of the estate, is void, does not arise; and the proof before the circuit court was not such as to justify the court in assuming, that the *prima facie* case made out for the plaintiff by the note was successfully assailed.—Merriwether v. Taylor, 15 Ala. 735.  We decline to decide the question argued by counsel, because it is not presented on the record.

The judgment of the court below is reversed, and the cause remanded.