## WILLIAMS *vs.* HARTSHORN.

[REAL ACTION UNDER CODE IN NATURE OF EJECTMENT.]

1. *What title will support action.*—To enable a plaintiff to recover in a real action under the Code, in the nature of an action of ejectment, he must have, at the commencement of the suit, a legal title and the right of possession.
2. *When general charge on evidence is erroneous.*—Where the question of fraud *vel non* is directly involved in the issue, and the evidence upon the point is conflicting, it is error in the court to instruct the jury, that if they believe the evidence they must find for the plaintiff.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by Samuel H. Hartshorn against Geo. W. Williams, to recover a town lot in Eufaula, together with damages for its detention; and was commenced on the 12th June, 1855. The plaintiff claimed the premises under a mortgage executed to him by one James M. Hamilton, on the 5th March, 1855, the law-day of which was the 1st January, 1856, and which was attacked for fraud by the defendant, who, as sheriff of the county, levied an attachment on the premises against the firm of J. M. Hamilton & Co., of which firm said James M. Hamilton was a partner. All the evidence in the cause is set out in the bill of exceptions, but the opinion of the court renders it unnecessary to state it. The court charged the jury, "that, if they believed the evidence, they must find for the plaintiff;" to which charge an exception was reserved, and it is now assigned as error.

JAS. L. PUGH, for the appellant.
L. L. CATO, *contra.*

RICE, C. J.—This action is, under section 2209 of the Code, a substitute for the action of ejectment, and must

be governed by the law in relation to that action, except so far as the same is changed by the Code. The plaintiff cannot recover, unless, *at the commencement of the action,* he had a *legal* right, as distinguished from an equitable right, and the *right of possession.*—1 Chitty's Pl. 187, 191. Whether he had such *legal* right and right of possession, we shall decline to decide, for the following reasons: The bill of exceptions does not set forth a copy of the instrument or instruments on which he claims a recovery, but gives a description which may be inaccurate. The judgment must be reversed, and the cause remanded, for an error hereinafter noticed; and on another trial, the parties will have the opportunity to put on record copies of the instruments, and thus enable the revising court to act understandingly in construing those instruments. For the same reasons, we decline to decide all other questions arising out of those instruments, except the one which we hereinafter expressly decide. As to the nature of the plaintiff's right, and as to his right of possession, if he claims only as a mortgagee, and has sued before the law-day of the mortgage, we refer the parties to Desha v. Scales, 6 Ala. 356.

The court charged the jury, in substance, that if they believed the evidence set forth in the bill of exceptions, they must find for the plaintiff. The question, whether the instruments under which the plaintiff claims a recovery were fraudulent as to the creditors of J. M. Hamilton or of J. M. Hamilton & Co., was material, and directly involved; and upon that question, the evidence was conflicting. The rule is, that where there is any conflict in the evidence, on any material question of fact in the case, it is error in the court to charge the jury that, if they believe all the evidence, they must find for one of the parties. Lawler v. Norris, 28 Ala. 675.

We do not wish to be understood as intimating that the charge of the court below is not erroneous in other respects. All we decide is, that the charge is certainly erroneous in denying to the jury the right to pass upon the question of fraud, and the conflicting evidence in relation to that question. Whether the charge is not

erroneous in other respects, we leave open for future consideration, if the case should come back to this court.

For the error of the charge in the particular above pointed out, the judgment is reversed, and the cause remanded.