# Goldstein *v*. Leake.

138  573
144  218
144  324

*Action to enforce Mechanics' and Material Man's Lien.*

1. *Pleading and practice; charge as to liability under one of several counts.*—When a complaint in a civil suit contains several counts,charges requested, which instruct the the jury that upon certain facts hypothesized therein they will find for the defendant on a designated count of the complaint, are faulty and properly refused; since the form of the charge should be that the jury should not find for the plaintiff, or should not find against the defendant on a particular count.

2. *Abstract charges* are properly refused.

3. *Action to enforce mechanic's lien; when judgment giving lien erroneous.*—In an action to recover an amount due under a contract for work done and material furnished in the erection of a building, where in one of the counts the plaintiff seeks the enforcement of a mechanics and materialman's lien upon a lot on which a house is built, and issue is joined on the pleas to each of the counts of the complaint, but the verdict of the jury does not respond to the issue as to the existence *vel non* of the lien claimed in favor of the plaintiff, it is error for the court to enter judgment establishing such lien.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WILLIAM W. WILKERSON.

This action was brought by the appellee, J. D. Leake, against F. Goldstein, and sought to recover an amount

[Goldstein v. Leake.]

alleged to be due for work and labor done and material furnished by the plaintiff for the defendant in the construction of a house upon a lot owned by the defendant.

The complaint contained four counts. The first three were the common counts for $132.50. In the fourth count the plaintiff claimed $132.50 as the amount due by the defendant to him, under a contract whereby the plaintiff agreed to build a house for the defendant upon a lot owned by the defendant and to furnish the brick and mortar therefor. In the fourth count the plaintiff also sought to establish a lien upon the lot owned by the defendant for the amount claimed to be due.

The defendant pleaded the general issue, and by special plea set up the breach of the contract by the plaintiff, in that he had furnished only about 15,000 brick when he agreed to furnish 25,000, and that the brick so furnished were inferior, that the work was not done in a first-class, workmanlike manner, and that by such breach of the contract the defendant was damaged to the extent of $150, which he offered to set off against the claim of the plaintiff.

The evidence for the plaintiff tended to show that he had built the house, furnished the brick and mortar and had done the work as specified and agreed upon in the contract; that there were the number of bricks in the house which he stipulated were to be used; and that the work was done in a first-class workmanlike manner.

The evidence for the defendant was in direct conflict with this, and tended to show that the work was very inferior, and that there were only 14,000 or 16,000 brick in the building, while the plaintiff had contracted to use 25,000; that the brick used on the exterior of the building were soft, salmon brick, while the defendant had contracted to use good, hard brick, and that there were only about 9 1-2 feet between the ceiling and the floor of the rooms of the house, while the plaintiff had contracted to make the said space 10 feet.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following

[Goldstein v. Leake.]

written charges, and separately excepted to the court's refusal to give each of them as asked: (5.) "If the jury believe from the evidence that plaintiff agreed to construct the house for defendant with good hard brick where exposed to the weather, and failed to construct the house so that there was ten feet between the ceiling and the floor in all the rooms, they will find for the defendant on the fourth count of the complaint." (6.) "If the jury believe the evidence, they will find for the defendant on the fourth count of the complaint." (7.) "If the jury believe from the evidence that the plaintiff failed to carry out the contract, under which he claims, then he will be entitled to the reasonable value of the brick and other materials furnished and labor done thereon, less the amount of one hundred and twenty-five dollars, and all damages that the defendant has sustained by reason of the failure of plaintiff to carry out his contract." (8.) "If the jury believe from the evidence that plaintiff agreed to do the work and labor and furnish the sand and lime for $70 for the construction of the building, and to furnish 25,000 brick at seven and one-half dollars per thousand, making $187.50 for brick and a total of $257.50, and enough of said brick to put good hard brick on the outside of said building, they will find for the defendant on the fourth count of the complaint." (9.) "If the jury believe from the evidence that the plaintiff failed to carry out his contract set up in the complaint, and that the money paid by the defendant together with such damages as defendant may be entitled amounts to more than the value of the work and labor done on said building, and the material furnished by plaintiff, then you will find for the defendant the amount of such excess, and in estimating such damage they may take into consideration the value of the building as completed and what it would have been worth if constructed according to the contract."

The verdict of the jury as returned was as follows: "We, the jury, find for the plaintiff and assess the damages at $76.30, seventy-six dollars and thirty cents." Upon this verdict a judgment was rendered in favor of the plaintiff, for the amount assessed by the jury, and

also giving the plaintiff a lien upon the house and lot. The defendant subsequently moved to set aside the verdict and judgment, and grant it a new trial on the ground that the verdict was contrary to the law, that the verdict was contrary to the evidence, and upon the following ground: "The verdict is the result of the improper conduct of the jury whereby they adopted a 'quotient' verdict, or that they arrived at the verdict by an agreement made before hand whereby each jury placed the amount of defendant's damages on a slip of paper and the total of said amounts were added up and divided by twelve, the number of jurors, and the result, with interest, was taken as the verdict." This motion was overruled and the defendant duly excepted.

POWELL & BLACKBURN, for appellant, cited *Southern R. Co. v. Williams*, 113 Ala. 620; *Handley v. Lawley*, 90 Ala. 527; 6 Cyclopedia of Law, 104, 113.

MONTGOMERY & SMITH, *contra*, cited *Bray v. Ely*, 105 Ala. 553; *Cobb v. Malone*, 92 Ala. 630; *Southern R. Co. v. Williams*, 113 Ala. 620.

McCLELLAN, C. J.—The charges refused to the defendant on the fourth count of the complaint, were each faulty in requiring the jury to affirmatively find for the defendant upon the hypothesis stated in them. Assuming that on this hypothesis, the plaintiff was not entitled to recover under the fourth count, the form of the charges should have been that the jury should not find for the plaintiff, or should not find against the defendant on the count.—*Dorsey v. State*, 134 Ala. 553; *M. & O. R. R. Co. v. George*, 94 Ala. 201; *L. & N. R. R. Co. v. Sandlin*, 125 Ala. 585. These charges, moreover, were properly refused for other reasons, not necessary to be gone into here.

Charge 9 was porperly refused. There was no evidence as to the amount defendant was damaged by plaintiff hypothesized breach of the contract.

[Hieronymus Brothers v. Bienville Water Supply Co.]

The record affords no basis for a conclusion on our part, that the circuit court was clearly in error in holding that the verdict was supported by the evidence, and that the allegations of the motion for a new trial, that the jury returned a "quotient verdict" was not satisfactorily proved, and we cannot say that the court erred in overruling that motion.

The verdict of the jury, however, did not respond to the issue of the existence *vel non* of a lien on the house and lot in favor of the plaintiff, and the court erred in entering judgment establishing the lien claimed.—Code, § 2739.

The judgment appealed from will, therefore, be modified so as to stand as a personal money judgment only, and as modified will be affirmed.

Affirmed.