(76 South. 937)

BOSHELL et al. v. CUNNINGHAM.
(6 Div. 630.)

(Supreme Court of Alabama. Nov. 29, 1917.)

1. TRIAL ☞258(1)—INSTRUCTIONS—REQUESTS—REFUSAL.

Requested charges that, if the jury believed the evidence, they should find in favor of respective defendants, are properly refused, being defective in form; a correct affirmative charge being not to find against defendant requesting the charge.

2. FALSE IMPRISONMENT ☞28 — MALICIOUS PROSECUTION ☞62—ACTIONS—DAMAGES.

In an action for damages for false imprisonment, malicious prosecution, and assault and battery, where plaintiff claimed special damages for attorney's fees expended by him, he is entitled to offer evidence in support of that claim.

3. APPEAL AND ERROR ☞204(1)—RECEPTION OF EVIDENCE—OBJECTION.

The admission of evidence cannot be reviewed in the absence of objections.

4. WITNESSES ☞236(1) — EXAMINATION — PROPRIETY OF INTERROGATORIES.

Where a witness testified that he did not hear his brother make a statement, the exclusion of the question, "You won't swear that he didn't say it, will you?" was proper; for the pith of the inquiry had already been propounded.

5. APPEAL AND ERROR ☞1058(1)—REVIEW—HARMLESS ERROR.

The exclusion of testimony is not prejudicial where the substance of the evidence sought had already been received.

6. APPEAL AND ERROR ☞1050(1)—WAIVER OF ERROR—EVIDENCE.

The admission of evidence is not prejudicial where similar evidence was admitted without objection.

7. DEPOSITIONS ☞107(3)—INTERROGATORIES—OBJECTIONS.

Where interrogatories are filed, and no objections are taken to them, and cross-interrogatories are filed, and the answer is responsive to the interrogatory and material to the issues of the cause, a party cannot thereafter object.

8. DEPOSITIONS ☞105 — INTERROGATORIES—OBJECTIONS.

Though plaintiff did not file objections to an interrogatory to a witness, but filed cross-interrogatories, the objection may be received thereafter where it did not appear until the witness answered the interrogatory that he was making statements as to a question of fact not based on his own knowledge.

9. MALICIOUS PROSECUTION ☞64(1) — ACTIONS—EVIDENCE—SUFFICIENCY.

In an action for damages for malicious prosecution and without probable cause therefor causing plaintiff's arrest, evidence held insufficient to show defendants' participation.

10. TRIAL ☞252(6)—CHARGE—REFUSAL.

In an action for damages for malicious prosecution, false imprisonment and assault and battery, where there was no evidence to sustain one of the counts as to malicious prosecution, a charge that, where the facts known to the prosecutor or the information received by him entitled him to credit are such as to justify a belief by a person of reasonable intelligence and caution that accused is guilty and prosecution is induced thereby, such a state of fact constitutes probable cause, was properly refused.

11. TRIAL ☞240—INSTRUCTIONS—ARGUMENTATIVE.

A requested charge that it would be against the public welfare as well as work private injustice if every citizen who begins a criminal prosecution should be made by law a guarantor of the existence of probable cause without regard to the motive which actuated him, and but few would be willing to take steps to apprehend and bring violators of the law to justice if, acting with no other motive than the lawful one of discharging a public duty, they should be held as guarantors that as a matter of law and of fact there existed probable cause, and hence, if a person in good faith, without malice, institutes a criminal prosecution, he is not responsible in damages to the party charged, though in point of fact the circumstances were not sufficient to create probable cause, is argumentative and properly refused.

12. ASSAULT AND BATTERY ☞37 — FALSE IMPRISONMENT ☞33 — MALICIOUS PROSECUTION ☞66—ACTIONS—CHARGE.

In an action for false imprisonment, malicious prosecution, and assault and battery, a charge that defendant can only show good faith to reduce or mitigate vindictive damages, but

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

such good faith cannot reduce the amount of actual damages suffered, and that actual or compensatory damages are such as are the natural and probable consequences of the arrest, etc., was proper.

· Appeal from Law and Equity Court, Walker County; T. L. Sowell, Judge.

Action by Rufus M. Cunningham against Will J. Boshell and others for damages for false imprisonment, malicious prosecution, and assault and battery. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

Defendant requested the following written charges:

(10) I charge you that, where tne facts known to the prosecutor or the information received by him entitled to credit are such as to justify the belief in the mind of a person of reasonable intelligence and caution that accused is guilty of the crime charged, and the prosecution is induced thereby, such a state of fact constitutes a probable cause, although it may subsequently appear that defendant is innocent.

(12) It would be against the public welfare, as well as work private injustice, if every citizen who begins a criminal prosecution should be made by law a guarantor of the existence of probable cause without regard to the motive which actuated him at the beginning. But few would be willing to take steps to apprehend and bring violators of the law to justice, if, though acting with no other motive than the lawful one of discharging a public duty, they should be held as guarantors that as a matter of law and of fact there existed probable cause for believing the party guilty. Hence it is that, if a person in good faith, without malice, institutes a criminal prosecution, he is not responsible to the party charged in an action for damages for malicious prosecution, though in point of fact the circumstances were not sufficient to create probable cause; but, if actuated by malice, he takes upon himself liability and damages if it is made to appear against him that the facts touching guilt were not such as to create probable cause for believing the party guilty.

The court gave the following charge at the request of plaintiff:

(3) Defendant can only show good faith to reduce or mitigate vindictive damages, but such good faith cannot reduce the amount of actual damages·he may have suffered; and actual damages or compensatory damages are such as are the natural and probable consequences of the arrest, and include· injury to the feelings by way of humiliation, indignity, or disgrace, loss of time, cost and reasonable attorney's fees paid. Good faith on the part of defendant, if he participated in making an unlawful arrest, will not mitigate or reduce these damages.

Bankhead· & Bankhead, of Jasper, for appellants. Ray & Cooner, of Jasper, for appellee.

McCLELLAN, J. The appellee (plaintiff) was awarded a judgment against the three appellants, upon whose separate, several assignments of error this review is invoked. As finally submitted to the jury, the complaint contained six counts. Those numbered 1, 2, and 4 charge the defendants with either arresting and imprisoning the plaintiff or causing the arrest and imprisonment of the plaintiff on a charge of larceny; maliciously and without probable cause therefor.

Count 3 charged the defendants with causing plaintiff's arrest under a warrant issued by Knight, justice of the peace, maliciously and without probable cause therefor; the prosecution having been duly investigated, and the plaintiff discharged. Count 5 complains of an assault and battery committed on the plaintiff by the defendants. Count 6 C alleges a wrongful and illegal arrest and imprisonment of the plaintiff by the defendants. There are no assignments of error complaining of any rulings on the pleadings. Of the 25 errors assigned, 12 only are insisted upon in brief for appellants. They will be considered in the order of their presentation in the brief.

[1] It is first argued that error was committed in refusing special charges F and G, each of which purported to instruct the jury that, if they believed the evidence, they should find in favor of the defendants King and W. R. Boshell, respectively. These requests for instructions were bad in form; and this alone justified the trial court in refusing them. The proper form, in circumstances warranting the giving of the general affirmative charge, is to instruct that they should not return a verdict for the plaintiff against the defendant requesting the particular instruction; whereas these requests exacted affirmative findings in favor of the respective defendants.

[2, 3] The next error assigned is predicated of these recitals in the bill of exceptions:

"The witness was then asked the following question by the counsel for the plaintiff: 'Q. State to the jury whether or not you paid any attorneys for defending you in the criminal case, and, if so, how much. (The defendants objected to the question because same called for incompetent, irrelevant, and immaterial evidence, and for the further reason that same was not a proper measure [element] of damages. The objection was overruled by the court, and the defendant by its counsel then and there duly excepted in open court to said ruling.) Q. Did you pay any attorney's fee to defend you in the case? A. I did.' "

In counts 4 and 6 C the plaintiff claimed special damages for attorney's fees expended by him. It is manifest he was entitled to offer evidence in support of this claim. The particular question to which the objection was made was not answered. Immediately succeeding the ruling of the court and the reservation of an exception, another entirely permissible question was propounded and answered. No objection appears to have been made to the testimony of the witness stating the amount he paid for the services of an attorney for defending him. Had proper, objection been seasonably taken to this feature of his testimony, the rule stated in Walker v. Gunnels, 188 Ala. 206, 209, 210, 66 South. 45, would doubtless have led the court to sustain it. This assignment, numbered 1, is without merit.

[4] After the witness Ed Cunningham had testified that he did not hear his brother tell Rufus (plaintiff) that he did not have any

more receptacles "to put anything in," the witness was asked this question: "You won't swear that he didn't say it, will you?" The court, on objection, disallowed the question. This ruling was proper. The pith of the inquiry counsel had in mind should have been submitted to the witness by a question calling for his response to the fact, not to what he would or would not "swear."

[5] No prejudicial error attended the action of the court in refusing to permit the witness King (defendant) to be asked whether the sheriff told him over the phone to have the sheriff's deputy (Burkett) bring the plaintiff to Jasper from Townley. The substance of this had already been stated by King; and King later testified that he himself had nothing whatever to do with ordering plaintiff to be carried to Jasper or with his removal to Jasper.

[6] The ten-gallon keg with the larceny of which plaintiff was charged was a whisky keg, shipped as the container of whisky, in February, 1911, to Boshell's son from Memphis, Tenn. There was no impropriety in permitting the witness W. R. Boshell to be asked: "Did you have some whisky?" He testified otherwise and without objection that he drew for himself some of the whisky from the keg just after he had taken it from the carrier as the agent for his son, who was ill. If this witness' possession of whisky at that time operated to prejudice his case with the jury, that fact cannot be well attributed, under the evidence, to the allowance of the quoted question when his relation to the liquor was otherwise shown without objection on the part of the defendants.

[7, 8] The rule is settled here that, where interrogatories are filed, and no objections are taken to them, and cross-interrogatories are filed, and the answer is responsive to the interrogatory, to which the party would later object, and the answer is material to the issues in the cause, it is too late to object to the interrogatory on the trial. L. & N. R. R. Co. v. Hall, 91 Ala. 112, 119, 8 South. 371, 24 Am. St. Rep. 931, and Miss. Lbr. Co. v. Smith, 152 Ala. 537, 540, 44 South. 475, among others. It was material to the issues in the case to inquire whether the "stamp number" cut in the keg found in plaintiff's possession corresponded with the "stamp number" of the keg shipped from Memphis. No objection to the interrogatory propounded to Eaton, the Memphis dealer, calling for his testimony with reference to the "stamp number" on the keg shipped by him to Boshell was interposed by the plaintiff. Cross-interrogatories were filed to this witness by the plaintiff. On the trial the court granted plaintiff's motion to exclude this statement in Eaton's deposition: "The stamp number was 198321." However, it affirmatively appeared that the witness did not know of his own knowledge whether that number was cut in the keg in question. It is manifest that the indicated infirmity in the witness' competency to answer as to the stated fact was discoverable only after the witness had answered. The rule reiterated above is hence inapplicable; and the court did not err in excluding such hearsay testimony. The other matter, reciting the witness' opinion of what the revenue officer would not omit to do or what the officer's duty was, were not responsive to the interrogatory propounded to him by the defendants under the third heading. There was no error in the court's ruling with respect to these features of Eaton's deposition.

[9] We are unable to find in the record any evidence, or reasonable inference from evidence, tending to connect any of these defendants with the arrest and imprisonment of the plaintiff under the warrant sworn out on September 22, 1911, by Burkett before Justice of the Peace Knight, as declared in the third count of the complaint. There was evidence tending to connect these defendants with the arrest of plaintiff on September 21, 1911, without a warrant justifying his arrest by Burkett on that date. The next day Burkett took plaintiff to Jasper and there himself swore out the warrant issued by Knight. There is no evidence tending to show that Burkett was moved to this action by any of the defendants or that they participated in any way in this proceeding's initiation or action under or in it. The court therefore erred in refusing the general affirmative charge requested by the defendants concluding against a recovery under the averments of the third count of the amended complaint.

[10] Under the evidence in this record there is no merit in the assignment complaining of the court's action in refusing charge 10. Abstract definitions of "probable cause" are given in Lunsford v. Deitrich, 93 Ala. 565, 9 South. 308, 30 Am. St. Rep. 79, and in Jordan v. A. G. S. Rwy. Co., 81 Ala. 226, 8 South. 191. When this request for instruction (No. 10) is referred to the already stated failure in the evidence to sustain material averments of the third count, it is very clear that, in fact, the court committed no error in refusing the request.

[11] Since requested instruction numbered 12 was argumentative, there was no error in its refusal.

[12] In view of the issues tendered by the several counts of the complaint, no error can be imputed to the court for giving, at the instance of the plaintiff, special charge numbered 3.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.