## LIFE & CASUALTY INS. CO. v. HARRIS. (6 Div. 56.)

(Court of Appeals of Alabama. Oct. 31, 1922.)

**Trial ⚌234(3)—Refusal of affirmative charge, defective in form, not error.**

A requested affirmative charge that, "If you believe the evidence you must find for the defendant," being defective in form, was properly refused.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Action on a policy of insurance by Henry Harris against the Life & Casualty Insurance Company. From a judgment for plaintiff defendant appeals. Affirmed.

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

William A. Jacobs, of Birmingham, for appellant.

A beneficiary who has received a compromise settlement of an insurance policy and has neither returned nor offered to return the amount so received cannot recover on the policy. 9 Ala. App. 178, 62 South. 564; 1 C. J. 571; 10 R. C. L. 767; 6 Cooley's Ins. 3872. The burden is on the plaintiff in a suit on a policy to show that the premiums were paid. 68 Vt. 136, 34 Atl. 478; 129 Mo. App. 256, 108 S. W. 139; 1 C. J. 411; 3 Cooley's Ins. 2302; 2 Cooley's Ins. 990.

G. M. Edmonds, of Birmingham, for appellee.

A beneficiary has no vested interest in the policy during the life of the insured, and the contract of settlement was void for want of authority on the part of appellee to make it. 1 C. J. 572.

MERRITT, J. The appellee brought suit and recovered a judgment on an insurance policy issued by the appellant, wherein the appellee was named as the beneficiary.

Whatever may have been the status of the parties under the policy prior to March 8, 1920, it seems certain that the indorsement on the policy, "Revived," of this date, placed the relationship between the parties back to where it was when the policy was issued and before the lapse of the same, and no consideration is given to anything arising prior to this date.

The receipt given by the appellee, the beneficiary named in the policy, undertaking in the name of the insured, while she was still living, to settle all claims against the insured, it being uncontradicted that he had no authority to do such, can be of no effect.

By section 5 of the conditions named in the policy of insurance, provision is made that—

"Should the insured die when the premium payments on this policy are four weeks or more in arrears, then this company will not be liable for any sum under this policy. * * * Policies more than four weeks in arrears are lapsed,"

and under this provision contention is made that the policy had lapsed. If it be conceded that premiums had been paid since the date of revivor, that is, March 8, 1920, then this contention would be of no effect, as the insured died on the following April 5th, which was the last day to complete the four weeks. In other words, the premium could have been paid any time on this date and been within the time. The only assignment of error is the refusal of the trial court to give the following charge:

"I charge you, gentlemen of the jury, that if you believe the evidence you must find for the defendant."

So, irrespective of what is said above, the trial court will not be put in error, for refusing this, which purports to be the affirmative charge, for the reason that it is not in form. Boshell v. Cunningham, 200 Ala. 579, 76 South. 937; Goldstein v. Leake, 138 Ala. 573, 36 South. 458; L. & N. R. R. Co. v. Sandlin, 125 Ala. 585, 28 South. 40.

There being no error in the record, the judgment appealed from is affirmed.

Affirmed.