**NATIONAL LIFE & ACCIDENT INS. CO. v. CRUSO.   (6 Div. 870.)**

Supreme Court of Alabama.   June 18, 1927.

1. Insurance ⬤➔93—Insurance company, sued for assault and battery because of agent's insertion of spoon in plaintiff's throat, held entitled to affirmative charge.

In action against insurance company for assault and battery because of defendant's agent thrusting spoon into plaintiff's swollen throat in course of interview affecting claim for sick benefit, defendant was entitled to affirmative charge, in absence of any evidence that act complained of was by managing officer of company, or by his direction, or with his knowledge, or ratified by defendant.

2. Insurance ⬤➔93—Count against insurer for injuries from agent's insertion of spoon in insured's throat held to show relationship imposing duty of care.

In action against insurance company for injuries caused by agent's thrusting of spoon into plaintiff's swollen throat in course of interview affecting claim for sick benefit, count based on doctrine of respondeat superior, alleging that defendant was in insurance business, and that plaintiff was policy holder, and that defendant's servant or agent, while acting in the scope of his employment, negligently injured plaintiff's throat in the manner stated, *held* not demurrable, as showing no relationship from which duty of care arose.

3. Pleading ⬤➔8(17)—Averment of negligence in insurance agent's insertion of spoon in plaintiff's throat held not too general or mere conclusion.

In action against insurance company, count, charging injury to plaintiff's throat from agent's negligent insertion of spoon therein in course of interview affecting claim for sick benefit, *held* not demurrable, on theory that aver-

ment of negligence was general and a mere conclusion.

**4. Insurance** ⊜⇒93—**In action against insurance company for injuries from agent's examination of plaintiff's throat affecting claim policy and receipt card held admissible.**

In action against insurance company for injuries from agent's alleged negligent insertion of spoon therein in course of interview affecting claim for sick benefit under policy, such policy and receipt card for dues paid thereon were admissible, affecting the relation of insurer and insured and the occasion of the interview between plaintiff and the agent, but not admissible to bolster up plaintiff's claim, because of refusal of claim under policy.

**5. Insurance** ⊜⇒93—**Evidence held for jury, in action for injuries to plaintiff's throat through negligence of insurance agent inserting spoon therein during interview affecting claim.**

Evidence *held* for jury, in action against insurance company for injuries to plaintiff's throat from agent's alleged negligent insertion of spoon therein in course of interview affecting claim for sick benefits under policy.

**6. Insurance** ⊜⇒78—**Where insurance agent is charged with investigating illness, his acts to that end are within scope of employment, though contrary to instructions.**

Where insurance agent has duty to investigate sickness of policy holder making claim for sick benefit, whatever he does to that end is within the scope of employment, even if opposed to instructions from his company.

Appeal from Circuit Court, Jefferson County; Joe C. Hail. Judge.

Action for damages by Zella Cruso against the National Life & Accident Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Wm. A. Jacobs, of Birmingham, for appellant.

A count charging that defendant corporation committed an assault and battery is a trespass and charges a corporate act, and proof merely that an agent or servant, while acting within the line and scope of his duties, committed the assault, fails to prove the complaint. City Del. Co. v. Henry, 139 Ala. 161, 34 So. 389; Sloss Co. v. Dickinson, 167 Ala. 211, 52 So. 594; 39 C. J. 135; Southern Ry. Co. v. Hanby, 166 Ala. 641, 52 So. 334; Aldrich v. Tyler Gro. Co., 206 Ala. 138, 89 So. 289, 17 A. L. R. 617; Ex parte L. & N., 203 Ala. 328, 83 So. 52; Reed v. Ridout's Ambulance, 212 Ala. 428, 102 So. 906. A complaint based on negligence must set forth facts showing a duty on the part of defendant, unless the relationship alleged shows the duty: Davis v. Drennen Co., 189 Ala. 683, 66 So. 642; Southern R. Co. v. Harrison, 191 Ala. 436, 67 So. 597; Higdon v. Fields, 3 Ala. App.

322, 57 So. 58; B. & A. R. Co. v. Norris, 4 Ala. App. 363, 59 So. 66; Feore v. Trammel, 212 Ala. 325, 102 So. 529. If the complaint undertakes to set out the facts constituting negligence, then those facts must as matter of law constitute negligence. B. R. L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262; Sloss Co. v. Moore, 6 Ala. App. 317, 59 So. 311; Sloss Co. v. Weir, 179 Ala. 227, 60 So. 851; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933.

Erle Pettus, of Birmingham, for appellee.

Brief did not reach the Reporter.

BOULDIN, J. The evidence for plaintiff tended to show that an agent of the defendant insurance company went to see her touching a claim which she had presented for a sick benefit under a policy of insurance in the company, and in the course of their interview the agent thrust or inserted a teaspoon into plaintiff's swollen throat, causing abrasion and injury.

[1] The first count of the complaint is for assault and battery, a trespass by direct act of the corporate defendant.

There is no evidence that the act complained of was by any managing officer of the company, by his direction, or with his knowledge and acquiescence. Nor is there any evidence of ratification of an assault and battery on the plaintiff. The evidence was that the local agent, not a physician, was sent by the superintendent to give notice of rejection of the claim, or to see her about the claim. The defendant was due the affirmative charge as to this count. Its refusal was error. Ex parte L. & N. R. Co., 203 Ala. 328, 83 So. 52; Ex parte Central Iron & Coal Co., 212 Ala. 130, 101 So. 824; City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389.

The second count is in case, based upon the doctrine of respondeat superior. It charges that defendant was in the insurance business; that plaintiff was a policy holder; and that defendant's servant or agent, while acting within the line or scope of his employment, negligently injured plaintiff's throat by thrusting a spoon into the same, lacerating and injuring same as the proximate consequence of such negligence, etc.

[2, 3] Demurrer going to the point that no relationship is shown from which a duty of care arose; that the averment of negligence is general and a mere conclusion, was not well taken. A duty of care is present in all cases where one person proceeds by direct act to manipulate the person of another. The nature of the injury is expressly averred. Demurrer to this count was properly overruled. Injury to the parts as a result of negligence due to unskillfulness, or use of an unsuitable or unsterilized instrument was within the issue presented by this count.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[4] The policy and receipt card for dues paid thereon were properly admitted as going to the relation of insurer and insured averred in the complaint, and as the occasion of the interview between plaintiff and the agent. The court carefully limited this evidence to such purpose. It should not be allowed to serve the purpose of bolstering this claim because of an alleged refusal of a claim under the policy.

[5, 6] It was the province of the jury, upon consideration of the whole evidence, to find the truth of the case, accepting the version of either party on one point and rejecting it on another, as their judgment should direct. In the light of this rule, some evidence supported an inference that the agent was authorized to look into the merits of the claim on the policy, the fact of sickness vel non from a trouble involving the throat as claimed. If such was the scope of his employment, and the agent undertook an examination of the throat by the use of a teaspoon, such act was within the scope of his employment, although he had no authority to do the work properly assigned to an examining physician; in other words, having the duty to investigate the matter of sickness vel non, whatever he did to that end was within the scope of employment, even if opposed to instructions from his company.

On the other hand, if he was sent merely to give notice of a rejection of the claim, with no authority, express or implied, to investigate the physical condition of plaintiff, his act in using the spoon, if he did, was without the scope of his employment, and it would be immaterial whether he did so of his own notion or at the request of the plaintiff.

There was no error in refusal of the affirmative charge as to this count.

Reversed and remanded.

All the Justices concur.