52 So.2d 177

**RAILWAY EXPRESS AGENCY,**
**Inc., et al. v. BURNS.**

**6 Div. 745.**

Supreme Court of Alabama.

Nov. 24, 1950.

Rehearing Denied May 10, 1951.

560

E. L. All, W. B. White, Jr., and White, Bradley, Arant & All, all of Birmingham, for appellant Railway Express Agency.

Chas. H. Eyster, of Decatur, White E. Gibson, White E. Gibson, Jr., and Gibson & Gibson, all of Birmingham, for appellant Louisville & Nashville R. Co.

Taylor, Higgins, Koenig & Windham and J. Howard Perdue, Jr., of Birmingham, for appellee.

LAWSON, Justice.

This is a suit by Van Burns against Railway Express Agency, Inc.; Dewey Hardin, an cmp.oyee of Railway Express Agency, Inc.; and Louisville & Nashville Railroad Company, to recover damages for injuries claimed to have been suffered by plaintiff at the railway station in Decatur, Alabama, which injuries plaintiff averred proximately resulted from the negligence of defendants in causing or allowing a heavy object to strike him, which object was then and there being unloaded from an express car of the train of the railroad company.

The jury returned a verdict against the defendant Louisville & Nashville Railroad Company, hereinafter referred to as the Railroad Company, and against the defendant Railway Express Agency, Inc., hereafter referred to as the Express Agency. The verdict was in favor of the defendant Dewey Hardin. Judgment was in accord with the verdict.

Their motions for new trial having been overruled, the Railroad Company and the Express Agency have appealed to this court.

Assignments of error are several and joint. Upon submission, there was an order for a severance in the assignments of error.

The case went to the jury on only one Count. The first three assignments of error challenge the action of the trial court in overruling the demurrers of the appellants to that Count. As we understand the brief filed on behalf of appellants, the only grounds of the demurrer insisted upon are those taking the point that the complaint fails to aver such duty of care as would render them liable for simple negligence.

■ As to the duty of care owing by the defendant Railroad Company to the plaintiff, the Count not only alleges in terms that the plaintiff was an invitee of that defendant, but it alleges sufficient facts to show that he was in fact such an invitee at the time he was injured, in that it alleges, in substance, that plaintiff was injured while on the platform of the railway station used by the said defendant and that such injury occurred immediately after plaintiff had assisted his wife to board one of the said defendant's trains, for which purpose plaintiff went to the station. Montgomery & Eufaula Ry. Co. v. Thompson, 77 Ala. 448; Sims v. Warren, 248 Ala. 391, 27 So.2d 803; Southern R. Co. v. Bates, 194 Ala. 78, 69 So. 131, L.R.A. 1916A, 510; Trust Co. of Chicago v. New York Central R. Co., 285 Ill.App. 482, 2 N.E.2d 362. Hence, the count contains averments sufficient to show that the defendant Railroad Company owed plaintiff the duty of exercising reasonable and ordinary care not to injure him; or otherwise expressed, the count avers a relationship that would render the said defendant liable for simple negligence. Lamson & Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388.

■ The use of the station platform by the Railroad Company placed upon it the same duty to those persons there by its invitation as if it had owned the station. Montgomery & Eufaula Ry. Co. v. Thompson, supra.

■ It is not alleged in the complaint that plaintiff was an invitee of the defendant Express Agency, but it is alleged that the said defendant at the time of the injury was using the station premises in and about the conduct of its business. While the complaint shows the Express Agency had the right to conduct its business at the station and on the platform thereof, it also sufficiently avers that plaintiff was where he had a right to be as the invitee of the defendant Railroad Company; hence, the defendant Express Agency is shown to have had the duty to exercise reasonable and ordinary care not to injure plaintiff by its negligence. Wells Fargo & Co. v. Lowery, Tex.Civ.App., 197 S.W. 605, 608.

The defendant Railroad Company requested the following charge: "I charge you gentlemen of the jury if you believe the evidence you will return a verdict for the defendant, Louisville and Nashville Railroad Company."

The Express Company requested an identical charge.

The trial court's action in refusing these charges is assigned as error and strenuously insisted upon in brief.

■ Counsel for appellee insist that the charges were not in proper form and for that reason alone were refused without error, citing in support of their insistence the following cases: Rhodes-Carroll Furniture Co. v. Webb, 230 Ala. 251, 160 So. 247; Southern Ry. Co. v. Alsobrook, 223 Ala. 540, 137 So. 437; May v. Draper, 214 Ala. 324, 107 So. 862; Boshell v. Cunningham, 200 Ala. 579, 76 So. 937; Goldstein v. Leake, 138 Ala. 573, 36 So. 458; Life & Casualty Ins. Co. v. Harris, 18 Ala.App. 667, 94 So. 185. These cases do hold that charges similar in form to those here under consideration were refused without error, not being in proper form, but in each of these cases except the one last cited it appears that there was more than one count in the complaint. The cases have no application here, where there is only one count. The distinction and the reason therefor is pointed out in the following excerpt from the opinion in Mobile & Ohio R. R. Co. v. George, 94 Ala. 199, 10 So. 145: "While some of the charges, such as 1, 3 and 4, assert correct legal propositions, they conclude with a direction to 'return a verdict in favor of defendant' under the special and separate count in reference to which they are framed. The complaint, as amended, contains six counts, as to each of which

a similar charge was separately asked. *Had there been but one count, or, being several, had the charge upon the effect of the evidence applied to the whole complaint, there could be no objection to such conclusion of the charge,* but, when there are two or more counts, the phraseology is subject to criticism. *It is calculated to impress the jury with the idea that a separate verdict must be returned as to each count, though under some they may find for the plaintiff. Its tendency is to mislead or confuse, and requires explanation.* * * *"* (Emphasis supplied.) 94 Ala. 222, 10 So. 154.

For cases to like effect see Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839; City of Birmingham v. Poole, 169 Ala. 177, 52 So. 937.

Appellants insist that each of them was entitled to have the jury instructed as was requested in the charges referred to above for three reasons: first, that the evidence failed to establish the allegation in the complaint that at the time plaintiff was injured he was an invitee of the defendant Railroad Company, and that such proof under the averments of the complaint was essential in order for him to recover against either of them; second, that the evidence failed to establish that either of appellants was guilty of any negligence; third, that plaintiff was guilty of contributory negligence, which barred a recovery by him in any event.

██ It is not proper to charge the jury that if they believe the evidence they must find for the defendant unless the evidence is clear, without conflict, and leaves nothing to be done except to draw a legal conclusion from the facts. Lawler, Adm'r, v. Norris, 28 Ala. 675. So, in considering the question as to whether the trial court erred in refusing the said charges, we must view all the evidence in the light most favorable to the plaintiff. F. W. Woolworth Co. v. Ney, 239 Ala. 233, 194 So. 667; Capitol Motor Lines v. Billingslea, 246 Ala. 501, 21 So.2d 240, 157 A.L.R. 1207.

Does the evidence support the averment that plaintiff was an invitee of the defendant Railroad Company at the time of his injury. As it bears on this question, the evidence, viewed in the light most favorable to the plaintiff, is summarized as follows:

On July 10, 1945, plaintiff took his wife to the railroad station in Decatur, Alabama, to become a passenger on the defendant Railroad Company's train No. 1. She was going to Fayette, Alabama, and was to travel south on train No. 1 as far as Birmingham. They arrived at the station at about five o'clock a. m. Plaintiff parked his automobile in or near a public street immediately south of the station building. Plaintiff and his wife went into the ticket office, purchased a ticket, and then walked from the ticket office along the station platform to a point north of the platform where Mrs. Burns boarded a passenger car. The plaintiff placed his wife's baggage on the car and saw that she was seated. Plaintiff then walked down the paved platform in a southerly direction beside the train on which his wife was a passenger, until he reached a point opposite the express car of the train, where he observed three employees of the defendant Express Agency unloading a large, cumbersome object from the express car onto an express truck. Plaintiff saw that the Express Agency employees were having difficulty in unloading the cumbersome object, and he voluntarily, without request from the men in the express car, climbed upon the express truck and assisted them in getting the object through the door of the express car onto the express truck. His services, though not requested, were not refused. After a portion of the object had been brought out of the express car onto the express truck and had come to rest against a steel rim around the bed of the express truck, plaintiff requested the Express Company employees "to hold it until I got out of the way." He got off the express truck, onto the concrete station platform. After he had gotten down onto the platform, the object became dislodged from the steel rim against which it had been resting, came over beyond the bed of the truck, struck plaintiff on the head, and knocked him down onto the paved platform. He suffered minor head injuries and a broken hip.

564

■ The plaintiff was unquestionably an invitee of the defendant Railroad Company until he left the station platform and got on the express truck. He was walking in the general direction of the place where his car was parked and was walking over the paved portion of the station platform, a part of the station premises reasonably embraced within the object of his visit. That he might have chosen another route which was shorter is of no consequence.

■ But while plaintiff was on the express truck he was no longer an invitee of the defendant Railroad Company. He was not doing an act which could reasonably be expected of him under the invitation extended to him. He had turned aside from his course to voluntarily engage in an endeavor in which he had no interest whatsoever and which was in no way connected with the implied invitation extended to him by the Railroad Company to be on its premises. The evidence falls far short of showing any emergency allowing one in plaintiff's position to hold the invitor liable for the risks attending the act of plaintiff in going to the assistance of the employees of the Express Agency. Plaintiff's presence on the express truck must be held to have been purely voluntary and prompted by a commendable spirit of willingness to lend a helping hand. We think it clear that if plaintiff had received his injury while on the truck, under the averments of the complaint, neither of the defendants would have been liable to him for simple negligence. Shaffer v. St. Louis & S. F. Ry. Co., 201 Mo.App. 107, 208 S.W. 145; Howland v. Tri-State Theatres Corporation, 8 Cir., 139 F.2d 560; Diefenbach v. Great Atlantic & Pacific Tea Co., 280 Mich. 507, 273 N.W. 783; Lucas v. Kelley, 102 Vt. 173, 147 A. 281.

But plaintiff's evidence was to the effect that at the time he was injured he was back on the station platform and he insists, therefore, that he had regained his status as an invitee. Appellants argue in effect that once having abandoned his status as an invitee, plaintiff could not regain it. We cannot agree with this contention. Although plaintiff by his act had severed the relationship of invitor and invitee, we cannot say that he could not regain that relationship by getting off the truck, discontinuing his efforts to assist in unloading the heavy object, and then continuing over the station platform to the place where his car was parked. He was on the truck only a short period of time, not over three or four minutes at the most.

Appellants further insist that although plaintiff may have been on the station platform at the moment of his injury, his receiving the blow was so immediately connected with the voluntary act on his part in assisting in the removal of the object from the express car as to be a part and parcel of that transaction, and hence the plaintiff had not resumed the status of an invitee. The case of Shaffer v. St. Louis & S. F. Ry. Co., supra, is heavily relied upon by appellants in support of this insistence. But that case is distinguishable from the case at bar on the facts. It was undisputed in the Shaffer case that the injury was sustained while the plaintiff was actually engaged in the act of assisting a brakeman of the defendant railroad in lifting a barrel. In the case here under consideration, the evidence not only shows that plaintiff at the time he was injured was not actually engaged in assisting in the removal of the object, but the evidence was sufficient to justify a finding by the jury that plaintiff had abandoned all participation in that enterprise and was ready to leave the railway station.

■ We hold, therefore, that it was for the jury to say whether or not, under the evidence, at the time of his injury the plaintiff was an invitee of the defendant Railroad Company. Farmers' & Merchants Warehouse Co. v. Perry, 218 Ala. 223, 118 So. 406.

We come now to consider the question of whether there was any evidence tending to show that the defendant Railroad Company breached any duty which it owed the plaintiff. The plaintiff sought to fasten liability on the Railroad Company under the doctrine of respondeat superior. There was evidence tending to show that a porter on one of the Railroad Company's cars was on the truck at the same time as the plaintiff and that this porter committed acts

which tended to propel the heavy object forward, causing it to strike plaintiff.

To recover against the defendant Railroad Company upon the doctrine of respondeat superior, it was necessary for the plaintiff not only to establish the status of master and servant, but also that the act done was within the scope of the servant's employment. Hill v. Decatur Ice & Coal Co., 219 Ala. 380, 122 So. 338.

The rule which has been approved for determining whether certain conduct of an employee is within the line and scope of his employment is substantially that, if an employee is engaged to perform a certain service, whatever he does to that end, or in furtherance of the employment, is deemed by law to be an act done within the scope of the employment. Gulf, M. & N. R. Co. v. Havard, 217 Ala. 639, 117 So. 223; National Life & Accident Ins. Co. v. Cruso, 216 Ala. 421, 113 So. 396. Such conduct, to come within the rule, must not be impelled by motives that are wholly personal, or to gratify his own feelings or resentment, but should be in promotion of the business of his employment. Republic Iron & Steel Co. v. Self, 192 Ala. 403, 68 So. 328, L.R.A. 1915F, 516. If the conduct was committed in the accomplishment of objects within the line of his duties, or in or about the business or duties assigned to him by his employer, the master is responsible. Palos Coal & Coke Co. v. Benson, 145 Ala. 664, 39 So. 727; Rochester-Hall Drug Co. v. Bowden, 218 Ala. 242, 118 So. 674.

We have examined the evidence in this case with great care and are unable to find any evidence which would justify a finding that the porter owed any duty whatever to his employer in regard to the unloading of express from the express car. On the contrary, the evidence was undisputed that there was no duty either upon the railroad company or any of its employees in connection with unloading express from the express car.

We hold, therefore, that the affirmative charge, with hypothesis, as requested by the defendant Railroad Company, should have been given by the trial court.

It is admitted that the three persons in the express car who were engaged in moving the object out of the car onto the express truck were employees of the Express Agency and that they were at the time acting within the line and scope of their employment.

The burden was on the defendant Express Agency to prove its plea of contributory negligence. This question, as well as whether its employees were guilty of negligence proximately causing the injury to plaintiff, was for the jury's decision. Therefore, the general affirmative charge requested by the Express Agency was properly refused.

The evidence supported the verdict and was not contrary to the great weight of same; hence, there was no error in overruling that ground of the Express Agency's motion for a new trial.

The appellant Express Agency insists that the trial court erred in refusing to set aside the verdict on the ground that the acquittal of defendant Hardin, one of its employees who was engaged in removing the object from the express car at the time of plaintiff's injury, entitles it to a new trial upon the theory the verdict was inconsistent, citing Walker v. St. Louis & S. F. Ry. Co., 214 Ala. 492, 108 So. 388, and Southern Ry. Co. v. Lockridge, 222 Ala. 15, 130, So. 557. The cases cited hold in effect that when the master is sued jointly with his servant for the misfeasance or malfeasance of the said servant under the doctrine of respondeat superior, a verdict in favor of such servant entitle the master to have the verdict against him set aside.

But the rule above stated has no application where, as here, under the evidence liability may be rested upon the master, on account of the negligence of an employee other than the one acquitted, and the complaint does not rest the master's liability solely on the acts of the employee who is acquitted. F. W. Woolworth Co., Inc., v. Erickson, 221 Ala. 5, 127 So. 534; Louisville & N. R. Co. v. Maddox, 236 Ala. 594, 183 So. 849, 118 A.L.R. 1318; Pollard v. Coulter, 238 Ala. 421, 191 So. 231. It fol-

lows that the trial court did not err in overruling this ground of the motion for new trial.

The judgment against the defendant Railroad Company is reversed and as to it the cause is remanded.

The judgment against the defendant Express Agency is affirmed.

Affirmed in part, and in part reversed and remanded.

BROWN, FOSTER, and STAKELY, JJ., concur.