175 So.2d 737

**LIBERTY NATIONAL LIFE INSUR-
ANCE COMPANY**

**v.**

**Opal L. PATTERSON.**

**8 Div. 137.**

Supreme Court of Alabama.

April 15, 1965.

Rehearing Denied May 27, 1965.

Key & Williams and Kennedy Williams, Russellville, Spain, Gillon & Young and Foster Etheredge, Birmingham, for appellant.

Howell T. Heflin and Chas. D. Rosser, Tuscumbia, for appellee.

MERRILL, Justice.

Appeal from a judgment for plaintiff in the amount of $10,785.24, the face value of a life insurance policy plus interest. A motion for a new trial was overruled and this appeal followed. Plaintiff-appellee is the wife of the deceased insured.

Eight of the argued assignments of error are concerned with the refusal of the court to give the general affirmative charge requested by appellant in eight different forms. All of these are related assignments of error and the same answer suffices for all of them.

The form for which the principal argument was made was: "I charge you that if you believe the evidence in this case you must return a verdict for the defendant."

Appellee argues that this charge is defective and is not in proper form because it should say that the jury should not find for the plaintiff, or should not find against the defendant, citing Goldstein v. Leake, 138 Ala. 573, 36 So. 458, and Boshell v. Cunningham, 200 Ala. 579, 76 So. 937. But the rule of those cases applies only where there is more than one count in the complaint, and has no application where the complaint consists of only one count. Turner v. Blanton, Ala., 173 So.2d 80 (4 Div. 207); Railway Express Agency v. Burns, 255 Ala. 557, 52 So.2d 177.

Appellant's main contention is that the application for insurance, which became a part of the policy, contained a provision that the policy would not become effective until it was manually delivered to the insured during his lifetime, and having proved its pleas that it was not so delivered, it was entitled to the affirmative charge.

The complaint in the instant case consisted of one count in Code form. Appellant filed some seventeen pleas to which appellee filed thirty-six replications. Demurrers to the replications were sustained as to replications "2 through 35." In replication 1, appellee joined issue on each of defendant's pleas, and replication 36, while admitting pleas 16 and 17 that the policy was not manually delivered to the insured during his lifetime, alleged that the insurance was nevertheless in effect under the policy because the policy had been issued by defendant and delivered to its agent for delivery to the insured, and that the agent had collected the first premium and had issued binding insurance on the insured.

On August 2, 1961, the insured, Milton C. Patterson, of Red Bay, made written application for a $10,000 policy to appellant's agent Hughes. He paid the premium and was given a receipt. The application provided that no insurance would take effect unless and until the policy had been manually delivered to and accepted by Patterson during his lifetime and good health. No medical examination was required. The policy was issued by the home office with an effective date of September 13 and transmitted to the Florence district office. Later it was taken to the Russellville office, out of which agent Hughes worked. Patterson died suddenly of a coronary occlusion and

coronary thrombosis on September 17, 1961, before the policy had been delivered to him.

Both appellant and appellee rely on the declarations in section (2) of the application, which read:

"That no insurance shall take effect unless and until the policy has been manually delivered to and accepted by the Owner and the first premium paid during the lifetime and good health of the Proposed Insured (except as provided in the receipt bearing the same number as this application if the full first premium has been paid and acknowledged and such receipt issued)."

Section 1 of the Receipt provided:

"Insurance under the terms of the policy applied for and subject to the limits specified below shall take effect as of: (a) the last date of any medical examination or tests required under the rules and practices of the Company, or (b) the date of this payment, whichever shall be later; provided that on such applicable date the Proposed Insured is in good health and in the opinion of the Company's authorized officers at its Home Office is insurable and acceptable under the rules and practices of the Company as a standard risk for the policy, in the amount and on the plan exactly as applied for."

The receipt did show full payment of the premium, and bore the same number as the application.

We have held that a policy that had a provision that it would not be effective until the first premium was paid and the policy delivered to the applicant during her lifetime and in good health was not enforceable when the policy was not delivered during applicant's lifetime, Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175; and that there can be no binding delivery of a policy after the death of the insured, Metropolitan Life Ins. Co. v. James, 228 Ala. 383, 153 So. 759.

But there is more to the documents issued by appellant than a requirement of manual delivery. That requirement was subject to the receipt which provided that the "Insurance * * * shall take effect as of: * * * the date of this payment * * * provided that on such applicable date the Proposed Insured is in good health and in the opinion of the Company's authorized officers at its Home Office is insurable and acceptable under the rules and practices of the Company * * *."

Here, the full premium was paid when the application for insurance was made, and the receipt signed by agent Hughes bore the same number as the application and the home office issued the policy in question and sent it to the district office to be delivered. All of these events occurred prior to the death of the insured.

■ Appellant raises the point of the lack of authority of agent Hughes to bind the company prior to the manual delivery of the policy to the insured, but that point has been decided in National Life & Accident Ins. Co. v. Claytor, 254 Ala. 413, 48 So.2d 180, where it was held that even though there was no evidence of the authority of the soliciting agent to issue a receipt and binder, when the home office accepted the application and issued the policy, it ratified and approved the binder as a temporary contract. So here, when the policy was issued, the actions of agent Hughes had been ratified.

■ The application in the Claytor case contained a provision that "the proposed contract shall not be effective until the policy has been issued and the first premium actually paid and accepted by the company and the policy has been delivered to and accepted by me in my lifetime, and while in good health, * * *." There, the evidence was that the insured had cancer of the lung when the policy was delivered and that he died shortly thereafter, but there was no indication of such affection when the application was made and the receipt and binder given. This court said:

"It results that the provision in the policy, which we have quoted, that it becomes effective after its delivery to the insured during his lifetime and in good health, must be considered in connection with the temporary binder as soon as the company accepted and approved the application. It was without power under the terms of the binder, after it was approved and accepted, to refuse to deliver the policy to the insured, although he may then be in a state of health which rendered him uninsurable, if at the time when the application was taken and the medical examination made, he was in a state of health then insurable under the contract and made no material false representations or warranties with actual intent to deceive or as to a matter which increased the risk of loss."

In a similar case, the Supreme Court of Georgia said: "As seen above, the provision in the application that the insurance shall become effective only after delivery of the policy and acceptance of the first premium while the insured is in good health is modified by the provisions of the binder receipt which are intended to supersede them to the extent of any conflict. * * *" And further, " * * * The application and receipt must be taken together, and if together they contain all the elements of a contract they are binding upon both parties. * *" Guest v. Kennesaw Life & Accident Ins. Co., 97 Ga.App. 840, 104 S.E.2d 633.

Appellant also argues that the binder provisions were not before the court because the complaint was a suit on the policy in Code form. While the reported opinion in National Life & Accident Ins. Co. v. Claytor, 254 Ala. 413, 48 So.2d 180, does not so state, the original record reveals that the complaint there was on the policy in Code form.

We hold that the statement in the application that the policy must be delivered manually before the insurance became effective was modified by the reference to the receipt, which receipt made the insurance effective upon the issuance of the policy by the home office, subject to the condition that the insured was in good health when the policy was issued.

There was substantial evidence that the insured was in apparent good health when the policy was issued and this assuredly was a question of fact for the jury.

The court properly charged the jury that the application, the receipt and the policy should be considered together.

A jury question was presented under the evidence and the court properly refused the requests for the affirmative charge.

Appellee raised the point of constructive delivery but consideration of that question is not necessary in view of our holding supra.

What we have said also covers assignment of error 5 which predicated error in the overruling of appellant's motion for a new trial on the ground that the verdict was not sustained by the great preponderance of the evidence; and assignment of error 24 charging error in the refusal of a charge dealing with the question of whether the insured was in ill health on the date of the issuance of the policy.

Having disposed of the argued assignments of error and finding no reversible error, the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.

On Rehearing.

MERRILL, Justice.

In brief on rehearing, appellant calls to our attention a stipulation on transcript paper, signed by counsel for both parties, which states that the minute entry of February 11, 1963, from which we quoted in the original opinion that demurrers were sustained as to replications "2 through 35," should have read "2 through 36."

This sheet of paper was filed in this court prior to submission, was folded and placed between pages of the transcript, but it escaped our notice prior to the application for rehearing. It was not bound to the transcript nor did it carry any signatures other than those of counsel. Had we noticed it, we would have mentioned it in the original opinion; and, for that reason, we are extending the opinion.

█ The stipulation signed by counsel is not sufficient to impeach, alter, change or vary the minute entry as shown in the record.

" 'The record filed for the purpose of appeal imports absolute verity. It is the sole, conclusive, and unimpeachable evidence of the proceedings in the lower court. If incomplete or incorrect, amendment or correction must be sought by appropriate proceedings rather than by impeachment on the hearing in the appellate court. Accordingly, the record cannot be impeached, changed, altered, or varied on appeal by an ex parte and unauthorized certificate of the trial judge or of the clerk, nor by statements in the briefs of counsel, nor by affidavits or other evidence or matters dehors the record.' 4 Corp.Jur. 512, 513, § 2287; Chapman v. Holding, 54 Ala. 61; Prinz v. Weber, 126 Ala. 146, 28 So. 10.

"This rule is based on the soundest policy. If it were otherwise, appellate courts would be kept busy with hearing and settling such controversies, and confusion and uncertainty would always prevail. * * *"

Union Mut. Ins. Co. v. Robinson, 216 Ala. 527, 113 So. 587; Morris v. State, 268 Ala. 60, 104 So.2d 810; Evans v. Avery, 272 Ala. 230, 130 So.2d 373.

█ If the transcript, certified by the clerk as being a true and correct copy of the proceedings, is incorrect, or omits something, the remedy is to ask for a writ of certiorari to complete it. Morris v. State, 268 Ala. 60, 104 So.2d 810; Johnson v. Bryars, 264 Ala. 243, 86 So.2d 371, and cases cited. This is the only method by which this court can secure a properly certified and authenticated transcript. The authorities cited supra show that this rule has been applied even though the changes or alterations sought were supported by affidavits of the court officials or that "serious hardship" would result.

Since the minute entry in the record shows that replication 36 was before the trial court, we have decided the case on that basis, disregarding the stipulation of counsel. We hasten to say that this in no way impinges on integrity of counsel. We know them to be gentlemen of honor and of the highest integrity.

Application for rehearing overruled.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.