# Logan *v.* The State.

*Assault and Battery.*

(Decided April 23, 1908.   46 So. Rep. 480.)

1. *Homicide; Manslaughter; Provocation.*—Where a husband finds a man in the act of adultery with his wife, and immediately kills him, he is guilty of manslaughter by reason of the provocation.

[Logan v. The State.]

2. *Assault and Battery; Justification.*—A husband finding a man in the act of adultery with his wife, and immediately he shoots the man, without inflicting a serious or fatal wound, is guilty of an assault and battery with a weapon, and a charge that if accused assaulted prosecutor with a gun, the jury must convict notwithstanding the provocation, is proper.

APPEAL from Hale County Court.

Heard before Hon. W. C. CHRISTIAN.

George Logan was convicted of assault and battery with a weapon, and he appeals. Affirmed.

Exception was reserved to the following part of the oral charge of the court: "If you believe from the evidence in this case beyond a reasonable doubt that the defendant did, in Hale county, Alabama, and within 12 months before the finding of the indictment, assault and beat Jack Green, using at the time a gun, you must convict the defendant; but unless you believe this beyond a reasonable doubt you must acquit the defendant."

The following charges were refused to the defendant: "(1) I charge you, gentlemen of the jury, that in passing on the guilt or innocence of the defendant you may look at the fact, if it be a fact, that immediately prior to the shooting George Logan found Jack Green in bed with his wife; and if you should find the defendant guilty you may look to the fact, if it be a fact, that immediately prior to the shooting defendant found Jack Green in bed with his wife, in fixing the punishment. (2) I charge you, gentlemen of the jury, that if you believe from the testimony in this case that George Logan shot Jack Green immediately on provocation of finding Jack Green in the act of sexual intercourse with his wife, the jury may acquit him. (3) I charge you, gentlemen of the jury, that it is not only a man's right, but his duty, to defend his wife from being debauched. (4) I charge you, gentlemen of the jury, that if you believe from the testimony in this case that, immediately prior to the shoot-

[Logan v. The State.]

ing of Jack Green by the defendant, the defendant caught Jack Green and George's wife in George's house in the act of sexual intercoure, or in a situation which a reasonable man would honestly believe that they were engaging in, or were about to engage in, or had engaged in, sexual intercourse, and that George shot on the discovery of such facts, if the jury believe that such were facts, they may consider the same in mitigation or justification of the offense."

DeGraffenried & Evins, for appellant. It should have been left to the jury to say whether the provocation was 'sufficient' to justify the battery.—*Hooks v. The State,* 99 Ala. 166; *Cox v. Whitney,* 9 Mo. 531; *People v. Pearl,* db N. W. 1109; *Biggs v. The State,* 29 Ga. 723. Charge 1 requested by defendant should have been given. —*Wright v. Anniston,* 44 South. 151.

Alexander M. Garber, Attorney-General, for the State. The court did not err in any of its rulings.—*Anglin v. The State,* 137 Ala. 17.

SIMPSON, J.—The appellant was convicted of an assault and battery with a weapon, and fined $1. The testimony of the defendant (which was in conflict with that of the witness for the state) was that he found the party assaulted in a compromising position with his wife, and as said party ran away the defendant shot at him; some of the shot taking effect, but not inflicting a serious wound.

The principal contention of the defendant, raised by certain charges requested, is that the fact that the defendant shot immediately after finding the party assaulted in the compromising position with his wife was sufficient to justify an acquittal. Out of consideration

for the frailty of human nature, if the husband kills the man whom he finds in the act of adultery with his wife, the law reduces the crime from murder to manslaughter; but the law has never declared him guiltless, whether he succeeds in killing him, or fails, leaving him guilty of an assault and battery with a weapon. 2 Bishop on Criminal Law (7th Ed.) 708; *Hooks v. State*, 99 Ala 166, 13 South. 767.

There was no error in the refusal to give said charges, and this includes also the exception to part of the oral charge of the court. In regard to the first written charge requested, it may be also said that it is a mere argument, and was properly refused for that reason.— *Outler v. State*, 147 Ala. 39, 40, 42, 41 South. 460; *Williams v. State*, 147 Ala. 12, 17, 26, 41 South. 992.

The judgment of the court is affirmed.

TYSON C. J., and DOWDELL and ANDERSON, JJ., concur.