## SLEDGE v. STATE.  (5 Div. 830.)

(Supreme Court of Alabama.   June 22, 1922.
Rehearing Denied.   Oct. 12, 1922.)

**1. Grand jury ⬤⇒5—In absence of statute, relationship of juror to person injured not ground of objection.**

Generally, relationship of a grand juror with the person injured, unless prohibited by statute, is not ground of objection to indictment.

**2. Indictment and information ⬤⇒133(3)—Objection for disqualification of grand jurors not available otherwise than by plea in abatement.**

Objections to indictment based on disqualification of grand jurors cannot be made otherwise than by plea in abatement.

**3. Criminal law ⬤⇒278(2)—Objection by plea in abatement limited by statute.**

Objection to indictment by plea in abatement is limited by Gen. Acts (Sp. Sess.) 1909, p. 315, § 23, to the ground that grand jurors were not drawn by the officer designated by law therefor.

**4. Homicide ⬤⇒157(5)—Particulars of former difficulty held properly excluded.**

Particulars of a difficulty earlier in the evening and at another place between defendant and others, including deceased, perhaps, about which deceased and the others had been talking shortly before defendant came up and, without provocation or resistance, struck the fatal blow, were properly excluded.

**5. Criminal law ⬤⇒463, 486 — Opinion that wound caused death held admissible, and surgeon's opinion admissible though he only made casual examination.**

Deceased having died a few minutes after defendant stabbed him, near the collar bone, and his clothing being saturated with blood from the wound, testimony of a surgeon that the wound caused the death was admissible, though he made but a casual examination of the wound, because deceased was already dead; and under such circumstances a nonexpert, who saw the body, could give such an opinion.

Appeal from Circuit Court, Chambers County; Lum Duke, Judge.

Laurene Sledge was convicted of murder in the second degree, and appeals.   Affirmed.

N. D. Denson & Sons, of Opelika, and Hooton & Hooton, of Roanoke, for appellant.

On a trial for murder it is competent to show all of the attending circumstances, who were present, what was said and done, and every other fact connected with the transaction and so related to it as to become a part of the res gestæ.   138 Ala. 57, 34 South. 993. When one party brings out a part of a conversation or transaction, the other party is entitled to bring out the entire conversation or transaction.   110 Ala. 9, 20 South. 450; 91 Ala. 64, 9 South. 171; 86 Ala. 60, 5 South.

485; 92 Ala. 20, 9 South. 616; 103 Ala. 33, 15 South. 662; 100 Ala. 105, 14 South. 766. It is competent to show the details of a former difficulty between defendant and deceased, taking place only 15 minutes before the killing.   100 Ala. 105, 14 South. 766.   Defendant's plea in abatement was not subject to demurrer.   143 Ala. 13, 39 South. 406; 154 Ala. 44, 45 South. 666.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAYRE, J.   [1-3] By plea in abatement and by motion to quash defendant drew into question the indictment, alleging as ground for this alternative attack that a cousin of deceased sat upon the grand jury by which the indictment was found.   It seems to be the rule of the courts generally that, in the absence of statutory prohibition, the relationship of a grand juror with the party injured is not a good ground of objection to the indictment.   State v. Russell (Iowa) 28 L. R. A. note 5, p. 202; 20 Cyc. 1302; Collins v. State, 3 Ala. App. 64, 58 South. 80.   Moreover, objections of this character, if good in any event, must be taken by plea in abatement (2 Bishop's Cr. Proc. §§ 883, 884); but the statute (Gen. Acts [Sp. Sess.] 1909, p. 315, § 23) provides that no objection can be taken to an indictment by plea in abatement, except upon the ground that the grand jurors were not drawn by the officer designated by law to draw the same.   Whitehead v. State, 206 Ala. 288, 90 South. 351.   Section 7304 of the Code does not reach the present case.   On these considerations we hold that the trial court committed no error in sustaining demurrers to defendant's plea in abatement and motion to quash.

[4] Evidence for the state went to show that a few minutes before the homicide for which defendant was on trial the deceased and three others were talking about a difficulty some of them—including deceased, perhaps—had had with defendant earlier in the evening and at a different place.   Shortly afterwards defendant came up to the place, and thereupon, without provocation or resistance, struck the blow which caused the death of the deceased.   The particulars of the former difficulty were excluded, and properly so.   It is not perceived how defendant was prejudiced by the court's ruling against this effort by indirection to get before the jury statements in reference to that difficulty not made in the presence or hearing of defendant.   Evidence of such circumstances is usually offered by the state to prove malice. 8 Mich. Dig. p. 239.

[5] The foregoing adequately covers all the exceptions reserved at the trial, save only the one taking the ground that the surgeon

---

⬤⇒For other cases see same topic and KEY-NUMBER in all.Key-Numbered Digests and Indexes

who saw deceased after death failed to show an acquaintance with the nature and extent of the wound sufficient to qualify him to testify that it had caused the death of deceased. There was no denial, no attempt to deny, no doubt, that deceased had died within a few minutes after defendant had stabbed him just over (or under) the collarbone. The clothing of deceased was saturated with blood from the wound, and while the surgeon made only a casual examination of the wound —because deceased was already dead—our judgment is that he, or any one else who saw the body, even though not an expert, might have stated an opinion that the wound caused death.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.