(110 So. 55)

### JOHNSON v. STATE. (8 Div. 375.)

(Court of Appeals of Alabama. April 6, 1926. Rehearing Granted Oct. 26, 1926.)

**1. Conspiracy ⬦45—Any fact or circumstance, direct or circumstantial, or any act or words, though remote, tending to show agreement to effectuate or understanding of common purpose, is relevant and admissible.**

In proving conspiracy, any fact or circumstance, direct or circumstantial, tending to establish concurrent agreement to effectuate common purpose to commit crime, or any act or words of parties, though remote, tending to understanding of common purpose to carry out common design, is relevant and admissible in evidence.

**2. Criminal law ⬦476.**

In murder trial, physician, as expert, *held* properly permitted to testify as to nature and fatality of wounds, which of them caused death, and when death resulted.

**3. Homicide ⬦169(4).**

In murder trial, testimony as to finding broken-down, blood-spattered automobile, belonging to defendant residing, as did deceased, in rooms from which the latter was carried off in an automobile, *held* admissible to prove conspiracy between defendants.

**4. Criminal law ⬦59(5).**

"Aid" and "abet" comprehend all assistance rendered by words, acts, encouragement, support, or presence, actual or constructive, to render assistance if necessary.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abet; Aid.]

**5. Criminal law ⬦941(1).**

Motion for new trial on ground of newly discovered evidence, which was merely cumulative, was properly overruled.

### On Rehearing.

**6. Homicide ⬦170 — Admission of testimony as to tracks leading from road to river, from which deceased's body was taken, held prejudicial error.**

In murder trial on entirely circumstantial evidence, admission of testimony as to tracks leading from road to river, from which deceased's body was taken, *held* prejudicial error, in absence of showing whether tracks were those of man or beast.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Homer Johnson was convicted of murder in the second degree, and he appeals. Reversed and remanded on rehearing.

Defendant objected to the following excerpt from the oral charge:

"The words 'aid and abet' comprehend all assistance rendered by words, acts, encouragement, support or presence, actual or constructive, to render assistance should it become necessary."

Bradshaw & Barnett, of Florence, for appellant.

Whether deceased was dead before he was thrown into the river was a conclusion to be drawn by the jury from the evidence, and it was error to permit the witness Dr. Lee to testify as to the fact. C. of G. R. Co. v. Robertson, 206 Ala. 578, 91 So. 470. Evidence as to tracks leading from the river was erroneously admitted. Powell v. State, 20 Ala. App. 606, 104 So. 551. The portion of the oral charge excepted to incorrectly stated the law. 16 C. J. 130; Jones v. State, 174 Ala. 53, 57 So. 31. To have been guilty, defendant must have entertained the intent to kill. Fowler v. State, 161 Ala. 1, 49 So. 788. Every person accused of crime is presumed to be innocent, and this presumption attends the accused until his guilt has been legally proved. Guin v. State, 19 Ala. App. 67, 94 So. 788. The motion for new trial on the ground of newly discovered evidence should have been granted. Grissett v. State, 18 Ala. App. 675, 94 So. 271.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The physician was properly allowed to testify as to the nature of the wounds which caused the death of deceased. Costello v. State, 176 Ala. 1, 58 So. 202; Milligan v. State, 208 Ala. 223, 94 So. 169; Sledge v. State, 208 Ala. 154, 93 So. 875; Rohn v. State, 186 Ala. 5, 65 So. 42. There was no error in allowing testimony of tracks leading from the place of the killing to the place where the body was disposed of. Culverhouse v. State, ante, p. 208, 106 So. 874.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

RICE, J. Appellant was indicted jointly with Lewis Johnson and Elsie Austin for the murder of Joseph D. Wallace.

[1] After proof of the corpus delicti, the state sought to prove a conspiracy. In making this proof, the evidence takes a wide range. Any fact or circumstance, either direct or circumstantial, tending to establish a concurring agreement to carry into effect a common purpose to commit the crime, is relevant and admissible in evidence. Any act or words of the parties charged, though remote, tending to an understanding of a common purpose to carry out a common design, would be relevant and admissible. Lancaster v. State, ante, p. 140, 106 So. 609.

Appellant was convicted of murder in the second degree and given a sentence of 10 years in the penitentiary. The evidence offered by the state tended to show that appellant in connection with others killed the deceased by striking him upon the head, and then threw his body into the river. Robbery was apparently the motive. The defendant denied that he had any connection with the crime.

[2] The court properly allowed the witness Dr. Lee, satisfactorily shown to be an expert, to testify as to the nature of the wounds on the body of deceased, the fatality of same, which of same caused death, and when death resulted. Costello v. State, 176 Ala. 1, 58 So. 202; Milligan v. State, 208 Ala. 223, 94 So. 169; Sledge v. State, 208 Ala. 154, 93 So. 875.

There was no error in allowing the testimony as to the tracks leading to the place near where the body of deceased was taken from the river. It satisfactorily appears that these were tracks of human beings, and, taken in connection with the other testimony, they constituted a circumstance proper for the jury's consideration. Culverhouse v. State, ante, p. 208, 106 So. 874.

[3] In keeping with the principles set forth in the second paragraph of this opinion, we think it was permissible to allow the testimony as to the automobile broken down on the Cloverdale road. The evidence tended to show that the deceased was carried off in an automobile from the rooms where the owner of the car (found on the Cloverdale road) as well as appellant resided, and that the car was bespattered with blood. Likewise, the other exceptions reserved on the taking of testimony have each been examined, and in none of them do we find merit.

[4] There was no error in the excerpt from the court's oral charge, excepted to. It stated the law correctly. Jones v. State, 174 Ala. 53, 57 So. 31. There was ample evidence to warrant the submission of the case to the jury, and hence no error in refusing the general affirmative charges requested.

The other written refused charges have each been examined, and we find that there was prejudicial error in refusing to give none of them. In instances where not patently objectionable, the reasons given by the trial judge for their refusal are valid and sufficient.

[5] The motion for a new trial was in effect overruled, and we think properly so. The so-called newly discovered evidence was merely cumulative.

The entire record has been carefully examined, and we are of the opinion that appellant had a fair trial. No prejudicial error anywhere appearing, the judgment is affirmed.

Affirmed.

## On Rehearing.

[6] Upon further consideration of this case we have reached the conclusion that the trial court was in error in permitting the witness, Dr. Lee, to testify, over defendant's timely objection, as to certain tracks leading from the road to the river. The case built around defendant was entirely circumstantial, and, it not appearing what kind of tracks were observed by the witness, whether those of man or beast, this testimony was inadmissible. Powell v. State, 20 Ala. App. 606, 104 So. 551. And for aught we can say the defendant was damaged materially by its introduction.

For this error the application for rehearing is granted, the judgment of affirmance set aside, and the judgment is reversed and the cause remanded.

Reversed and remanded.