(112 So. 93)

## GRAHAM v. STATE. (4 Div. 194.)*

(Court of Appeals of Alabama. March 29, 1927.)

Frank B. Bricken, of Luverne, for appellant.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

SAMFORD, J. The evidence was in conflict upon all the material issues involved in the trial of this case, and therefore the general charge as requested was properly refused.

 The court did not err in sustaining the state's objection to the question of defendant propounded to the witness Bradley as follows:

"'You think you know the deceased's general character in the community in which he lived, from what you know yourself and what people said about him as to being a dangerous man?'"

The question does not go far enough to embrace a general character for being "dangerous, violent, bloodthirsty." However, by the next question asked this same witness, the defendant had the benefit of the testimony, and hence cannot complain. Kirby v. State, 151 Ala. 66, 44 So. 38; Russell v. State, 17 Ala. App. 436, 87 So. 221.

 A state's witness indicated the location of the wound on deceased's body. No objection was interposed to this. Then Dr. Bayles was asked: "How long would a man live, a bullet going about where he said it went in?" There was objection to the question, but no motion to exclude the answer, which, to say the least, was not prejudicial to defendant. Haney v. State, 20 Ala. App. 236, 101 So. 533.

 The court properly excluded that part of the testimony of defendant's witness King, that defendant's witness Nichols had told witness certain things. This was hearsay.

 There appears no exception to any part

*Rehearing denied June 7, 1927.

of the court's oral charge, and hence we do not respond to that part of appellant's brief insisting upon error in the court's oral charge. Morgan v. State, 20 Ala. App. 467, 103 So. 76.

There is no error in the record, and the judgment is affirmed.

Affirmed.