10 So.2d 822

### SHEPPARD v. STATE.

4 Div. 250.

Supreme Court of Alabama.

Dec. 3, 1942.

M. I. Jackson, of Clayton,· for appellant.

Wm. N. McQueen, Atty. Gen., and Walter W. Flowers, Asst. Atty. Gen., for the State.

BOULDIN, Justice.

Appellant, Charlie Sheppard, was indicted for the murder of his wife, Ruby Sheppard, by shooting her with a pistol. Tried on pleas of "not guilty" and "not guilty by reason of insanity", he was convicted of murder in the first degree and punishment fixed at imprisonment for life.

Upon arraignment, defendant interposed a plea in abatement, which was stricken on motion of the State. This plea challenged the validity of the indictment by extended allegations touching Jim Scott, a grand juror, who participated in hearing the evidence and finding the indictment.

In substance the plea alleged: Defendant, on return to his home from treatment in a hospital, learned his wife had, during his absence, committed adultery with certain men, among them Jim Scott. On the night before the homicide, defendant confronted Scott at his home, leading to a wordy altercation, resulting in Scott swearing out a peace warrant for defendant. When the deputy sheriff approached defendant's home next morning to arrest him under the peace warrant, the heaped wrongs, with provoking words from his wife and the present threat of arrest dethroned his reason, and he slew his wife while temporarily insane. The plea further alleged that Scott knew the circumstances when the grand jury sat about a week after the killing, and the peace proceedings were still pending when the indictment was found.

We proceed on the idea that the plea in abatement discloses bias on the part of the grand juror, Scott, growing out of his connection with events alleged to have led to the homicide. We have two statutes, one in the article on juries, which reads: Section 92, Title 30, Code of 1940. "Juror must withdraw when interested.—A grand juror must not be present at, or take any part in the deliberations of his fellow jurors respecting any public offense with which he is charged, or which was committed against his person or property or when he is a prosecutor, or when he is connected by blood or marriage with the person charged."

The other, in the article on criminal procedure, reads: Section 285, Title 15, Code of 1940. "Objections to indictment for defect in grand jury; when not available; exceptions.—No objection can be taken to an indictment, by plea in abatement or otherwise, on the ground that any member of the grand jury was not legally qualified, or that the grand jurors were not legally drawn or summoned, or on any other ground going to the formation of the grand jury, except that the jurors were not drawn in the presence of the officers designated by law; and neither this objection nor any other can be taken to the formation of a special grand jury summoned by the direction of the court."

A third and later statute, Section 278, Title 15, amends Section 285 so that the formation of the grand jury as a legal body can be raised only by plea in abatement. In Wilson v. State, 171 Ala. 25, 54 So. 572, it was held that Sections 92 and 285, supra, have separate fields of operation; that the latter deals with the formation and organization of a lawful grand

jury, while the former deals with the competency of the individual grand juror to act in specified cases.

The case of Sledge v. State, 208 Ala. 154, 93 So. 875, 876, is not in conflict with the Wilson case, supra. In the Sledge case, the indictment was challenged on the ground that a relative of the deceased sat upon the grand jury which found the indictment. The court remarked: "Section 7304 of the Code" (now Tit. 30, § 92, supra) "does not reach the present case."

■ The instant case is governed by Section 92, Title 30, supra, which declares a grand juror incompetent; says he must not participate in certain cases. As pointed out in the Wilson case, certain provisions of this statute are for the protection of the State to prevent subversive influences in the grand jury to prevent an indictment. Thus, when the grand jury is investigating a public offense with which the grand juror is charged, he must not sit, or when he is connected by blood or marriage with the person charged. As to these provisions, the accused, as held in the Wilson case, cannot complain if indictment be returned.

■■ But he must not participate when the public offense "was committed against his person or property or when he is a prosecutor." These provisions are for the protection of the accused. They do not, however, include bias or ill-will toward the accused. The statute defines and limits the cases in which the grand juror is incompetent and must not take part. The general and widely prevailing rule is that, in the absence of statute, bias or prejudice on the part of a grand juror furnishes no ground of attack on the indictment. We need not go at length into the public policy thus declared in dealing with dilatory pleas of this character. 27 Am.Jur. 709, § 157; 14 Am.Jur. 948, § 266; Annotation 88 A.L.R. 900; Annotation, 28 L.R.A. 200. Our cases are in harmony with this view. Sledge v. State, supra; Collins v. State, 3 Ala.App. 64, 58 So. 80.

■ The plea in abatement does not put the grand juror Scott in the role of a prosecutor, nor otherwise within the statute. There was no error in striking same.

The court charged the jury only on the law of murder in the first and second degrees, and refused requests for instructions on the law of manslaughter.

The evidence produced by defendant was to the effect that he was informed of the infidelity of his wife some days before the homicide; that he had interviews with his wife leading to her admission of guilt; that thereafter he had the interview with Scott; came home and both husband and wife spent the night in the same room, as they had all along following information of her adulterous acts; that they were together with their children the morning of the killing without violence until the officers appeared with a warrant known by defendant to have grown out of his interview with Scott. It was then that defendant opened fire on his wife and slew her.

■ In McNeill v. State, 102 Ala. 121, 15 So. 352, 354, 48 Am.St.Rep. 17, the law is thus stated: "That if a man find his wife in the act of adultery, and provoked by the wrong done him, and moved by the passion naturally engendered, he immediately kills her, he is not guilty of murder, but of manslaughter only; but that, on the other hand, if he does not strike and kill until after there has been time for his passion to cool and for reason to reassert itself, or if he strikes and kills immediately, but is not moved thereto by the heat of passion, but by prior malice, hatred, a desire to avenge the wrong done him, or by any other motive, or upon any design whatever except such as is presently engendered by the paroxysm of rage into which he is thrown by this extreme provocation, he is guilty of murder."

■ Cooling time is a question of law. Keiser v. Smith, 71 Ala. 481, 46 Am.Rep. 342; Ragland v. State, 125 Ala. 12, 27 So. 983, and authorities there cited. See also Brunson v. State, 212 Ala. 571, 103 So. 664; Logan v. State, 155 Ala. 85, 46 So. 480; Crowder v. State, 18 Ala.App. 632, 93 So. 338.

■ The law does not sanction the taking of human life even when the spouse is caught in the act of adultery. Out of regard for the frailty of human nature, an immediate slaying solely as a result of sudden passion aroused by personal knowledge of such act, or from information so direct as to engender like passion, the law commits to the jury the question whether malice, or other elements of murder in the first degree, are present.

■ But under facts here disclosed, the law says the injured husband must reflect, must not brood over his hurt, then slay the wife or her paramour. If he does, he is guilty of murder. There was no error

in declining to charge on manslaughter in this case. Authorities, supra.

 Unless events had so wrought upon defendant as to dethrone his reason, induce insanity as defined by law, he was guilty of murder. The issue on the plea of "not guilty by reason of insanity" was submitted to the jury under full and correct instructions.

We have considered other questions reserved on the trial and find no reversible error there and deem special treatment unimportant.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.