104 So.2d 810

Taylor MORRIS

v.

STATE of Alabama.

1 Div. 772.

Supreme Court of Alabama.

Aug. 28, 1958.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

Hurst & Williams, Chatom, for appellant.

LAWSON, Justice.

The appellant, Taylor Morris, was indicted for the offense of murder in the first degree by a grand jury of Washington County, and upon a trial on that indictment he was convicted of murder in the second degree and his punishment was fixed by the trial jury at imprisonment in the penitentiary of this state for a period of thirty years. Judgment and sentence were in accord with the verdict. At the time of sentence the appellant gave notice of appeal.

The transcript of the record was filed here on April 1, 1958. On April 7, 1958, writ of certiorari was issued out of this court at the request of the Attorney General directed to the clerk of the circuit

court commanding him to certify to this court *instanter* a true and correct copy of the indictment. The circuit clerk's return to the writ of certiorari was filed here on April 11, 1958.

On June 2, 1958, the State through its Attorney General filed a "Motion to Strike the Entire Record and Dismiss Appeal." The ground of said motion was that the transcript of the record was not filed here within the time prescribed by Revised Rule 37, as amended, of this court. Thereafter, on June 18, 1958, the appellant filed his "Answer to Motion to Strike the Entire Record and Dismiss Appeal."

The cause was submitted here on June 19, 1958, on the State's "Motion to Strike the Entire Record and Dismiss Appeal," on appellant's answer to that motion, on the return to writ of certiorari, and on the merits.

### Motion to Strike the Entire Record and Dismiss Appeal.

Evidence was taken at the hearing of defendant's motion for a new trial after an appeal had been taken and after the transcript of the evidence on the main trial had been filed and established in the court below. Appellant apparently requested the court reporter to make a transcription of the evidence taken on the hearing of the motion for new trial for purposes of the appeal already taken to this court.

■ The court reporter had sixty days from the day the trial court denied the motion for a new trial, which was on January 20, 1958, within which to file the certified transcript of the evidence taken on the motion for a new trial.—Act No. 97, approved February 9, 1956, Acts of Alabama, Special Sessions, 1956, Vol. 1, p. 143. See 1957 Supplement to Code of Alabama, where the provisions of the said 1956 Act, supra, are designated by the publisher as §§ 827(1) and 827(4), Title 7, Code 1940.

The State in its motion presently under consideration takes the position that the transcript of the evidence on the hearing of the motion for a new trial was established on January 29, 1958, and therefore the transcript of the record should have been filed in this court within sixty days thereafter, or not later than March 31, 1958. Revised Rule 37, as amended, of this court, Code 1940, Tit. 7 Appendix.

■ We agree that if the transcript of the evidence taken on the hearing of the motion for a new trial was in fact established on January 29, 1958, then March 31, 1958, was the last day on which the transcript of the record could have been timely filed in this court, in the absence of any request for an extension of time within which to file that transcript.

■■ However, it does not appear from the transcript of the record filed here on April 1, 1958, that the transcript of the evidence taken at the hearing of the motion for a new trial was ever established in the court below. The record contains that which purports to be a transcription of such evidence together with a certificate of the court reporter bearing date of January 29, 1958. However, the court reporter has not certified that the transcript of the evidence taken on the hearing on the motion for a new trial was filed on that date or on any other date and she does not certify that notice was ever given to the parties or their attorneys of record of any such filing. In the absence of such showing in the certificate of the court reporter or otherwise, we are constrained to the conclusion that the transcript of the evidence taken on the hearing on the motion for a new trial was not properly established in the court below and may not be considered on this appeal.

■ Since a transcript of the evidence taken on the hearing of the motion for new trial was requested but was not properly and timely established, then under our holding in Relf v. State, Ala., 99 So.2d 216,[1]

the sixty-day period within which the transcript of the record was to be filed in this court is to be computed from the last day on which the transcript of the evidence on the hearing of the motion for a new trial could have been established in the court below, which was on about March 21, 1958. Since the transcript of the record was filed here on April 1, 1958, it is apparent that it was filed well within time.

Where, as here, the circuit clerk certified that the transcript of the record which he made is a true and correct copy of the record and proceedings of that court, we accept as true that such is the record and proceedings of that court. If the transcript is incorrect, *or omits something,* the remedy is to ask for a writ of certiorari to complete it. Johnson v. Bryars, 264 Ala. 243, 86 So.2d 371, and cases cited.

In Union Mut. Ins. Co. v. Robinson, 216 Ala. 527, 113 So. 587, 588, we quoted from 4 Corpus Juris, § 2287, pp. 512–513, as follows:

"The record filed for the purpose of appeal imports absolute verity. It is the sole, conclusive, and unimpeachable evidence of the proceedings in the lower court. If incomplete or incorrect, amendment or correction must be sought by appropriate proceedings rather than by impeachment on the hearing in the appellate court. Accordingly, the record cannot be impeached, changed, altered, or varied on appeal by an ex parte and unauthorized certificate of the trial judge or of the clerk, nor by statements in the briefs of counsel, nor by affidavits or other matters dehors the record." See also 4A C.J.S. Appeal & Error § 1141.

In regard to that quotation, we observed as follows: "This rule is based on the soundest policy. If it were otherwise, appellate courts would be kept busy with hearing and settling such controversies, and confusion and uncertainty would always prevail." See Edinburgh-American Land Mortgage Co. v. Canterbury, 169 Ala. 444,

53 So. 823; Box v. Southern Ry. Co., 184 Ala. 598, 64 So. 69.

In view of the foregoing, we are constrained to hold that the affidavits of the circuit clerk and of the court reporter filed here as a part of the appellant's answer to the State's motion cannot be looked to for the purpose of determining the date on which the transcript of the evidence taken on the hearing of the motion for new trial was filed in the court below. We repeat that the record presently under consideration does not show that such transcript of the evidence was ever established and hence it cannot be considered on this appeal.

### Certiorari

The return to the writ of certiorari shows that the indictment was in due form.

### On the Merits

The defendant admitted firing the shot which killed Marvin Clark. He contended that he did not shoot until after the deceased had hit him on the head with a hammer, which the deceased had previously brandished in a threatening manner towards defendant's wife. According to defendant, the shooting resulted from his need to defend himself and his wife or because of passion aroused by a sudden, unprovoked attack made on him and his wife by the deceased. The State's evidence was to the effect that the deceased did not threaten or hit the defendant or the defendant's wife; that the deceased did not provoke the difficulty, but that the defendant suddenly pulled his pistol from inside his shirt and shot deceased several times following an argument over some lumber which the deceased had purchased from the defendant; that the defendant had placed the pistol inside his shirt a comparatively short distance before reaching the scene of the shooting; that although the defendant and deceased had been friends over a long period of time, they had an argument over the lumber on the afternoon of the day preceding the shooting.

■ The State's evidence, which we have not attempted to set out in detail, tended to establish to the degree required all of the elements of murder in the second degree. Those constituents have been discussed so often that to repeat them would serve no useful purpose. We are clear to the conclusion after a careful and painstaking review of the evidence adduced on the main trial that the defendant was not entitled to an affirmative instruction and the evidence fully supports the verdict of the jury.

■ The trial court did not commit error in overruling the defendant's motion to quash the indictment on the ground that two members of the grand jury that indicted the defendant were related to the deceased in the fourth degree. Sledge v. State, 208 Ala. 154, 93 So. 875; Sisk v. State, 22 Ala.App. 368, 115 So. 766. Section 92, Title 30, Code 1940, does not affect grand jurors who are kinsmen of the injured party. Sledge v. State, supra. Cf. Sheppard v. State, 243 Ala. 498, 10 So.2d 822.

■ The shirt worn by deceased, punctured with bullets, was properly admitted in evidence as corroborative of the State's evidence. Husch v. State, 211 Ala. 274, 100 So. 321; Letson v. State, 215 Ala. 229, 110 So. 21; Hyche v. State, 217 Ala. 114, 114 So. 906; Ray v. State, 253 Ala. 329, 45 So.2d 4.

■ It was not reversible error to admit into evidence the shotgun which defendant brought with him to the scene of the shooting. Although this was not the firearm which was used in the killing, it was not improper to admit it in evidence for the purpose of showing that the defendant went to the scene fully armed rather than on a purely business mission, as he would have had the jury believe.

■ Reversible error is not made to appear in connection with the objection interposed by counsel for the defendant to the question propounded by the State solicitor to a State toxicologist as to "what are the duties of State Toxicologist?" The question was asked for the purpose of ultimately showing the qualifications of the witness. Moreover, the objection was made after the question was answered in a responsive manner and the trial court never ruled on the objection.

■ It was not error for the toxicologist to be permitted to testify that he "found nothing" on the hammer with which the defendant claimed the deceased hit him on his head and as a result of which he bled profusely.

■ The trial court did not err in permitting the State to show that the defendant, before reaching the scene of the shooting, removed his pistol from the place in his automobile where he usually carried it and placed it inside of his shirt.

■ There was no reversible error in permitting the State to show that after the shooting the defendant unloaded the shotgun. Osborn v. State, 32 Ala.App. 188, 23 So.2d 14. Moreover, the objection was not interposed until after the question was answered. Ledlow v. State, 221 Ala. 511, 129 So. 282; Fincher v. State, 211 Ala. 388, 100 So. 657.

■ Whether allegedly leading questions will be permitted is largely within the trial court's sound discretion. Payne v. State, 261 Ala. 397, 74 So.2d 630.

■ There was no reversible error in admitting the testimony of the witness Christopher in regard to a remark made by the defendant to the effect that he was tired of being imposed upon. The exact remark was obscene and will not be set out here. There was testimony tending to show that the defendant and deceased had argued over a business matter on the previous afternoon. It was for the jury to determine whether the remark was intended as a threat. Ragland v. State, 178 Ala. 59, 59 So. 637. In any event, we do not think the admission of this statement could have

been so injurious to the defendant as to work a reversal of the judgment of conviction. Supreme Court Rule 45.

■ It was not reversible error for the trial court to sustain an objection to a question which is nothing more than an argument of counsel with a witness.

■ Where the defendant cross examines a State witness extensively as to his interest in the prosecution and assistance given the solicitor, it is not reversible error for the trial court to permit the witness, on redirect, to testify that the solicitor had not tried to shape his testimony in any way. See Moore v. State, 12 Ala.App. 243, 67 So. 789.

■ The trial court did not err in sustaining the State's objection to the following questions asked the defendant by his counsel on direct examination: "Did you know Marvin Clark had knocked another man in the head? * * * Were you apprehensive of an attack by Marvin Clark? * * * Did you know Marvin Clark was the aggressor in a difficulty?" Higginbotham v. State, 262 Ala. 236, 78 So.2d 637; Holloway v. State, 38 Ala.App. 434, 89 So.2d 313, certiorari denied, 265 Ala. 697, 89 So.2d 317; Graham v. State, 22 Ala.App. 48, 112 So. 93.

■ The record contains twenty-four written charges, other than requests for the affirmative charge, which the trial court refused to give at the request of the defendant, and forty-three written charges which were given at his request. The refused charges, if they were correct statements of the law, were fully covered by the court's oral charge or the written charges given at defendant's request and hence their refusal does not constitute reversible error. § 273, Title 7, Code 1940; Walker v. State, 265 Ala. 233, 90 So.2d 221.

■ Even if we could consider the evidence adduced on the hearing of the motion for a new trial concerning the manner in which the jury arrived at its verdict, we could not come to the conclusion that a quotient verdict was reached in view of our holding in Copeland v. State, 252 Ala. 399, 41 So.2d 390.

Mindful of our duty in cases of this character, the record has been examined for any reversible error. We have herein dealt with all questions calling for serious treatment.

We find no reversible error in the record. The cause is due to be and is affirmed.

Affirmed.

SIMPSON, GOODWYN and MERRILL, JJ., concur.