324 So.2d 345

**Horace Wade HAMM**

**v.**

**STATE.**

**8 Div. 657.**

Court of Criminal Appeals of Alabama.

Dec. 16, 1975.

William J. Baxley, Atty. Gen., and C. Lawson Little, Asst. Atty. Gen., for the State.

BOWEN. W. SIMMONS, Supernumerary Circuit Judge.

Eight years in the penitentiary for assault with intent to murder W. O. Foster. Trial below and here in forma pauperis with appointed counsel.

The alleged victim, W. O. Foster, was at home with his family and Deputy Sheriff L. W. Wagnon, when about 9:00 p. m., March 25, 1974, the occupants heard shots

W. Mark Anderson, III, Montgomery, for appellant.

or explosions outside which indicated some gunshots were being directed toward the residence.

Wagnon went outside to the carport to investigate and turned the porch light on. Not seeing anyone, he turned the lights off and went in another direction. He saw an automobile at the end of the driveway and a man standing on either side of the car. The two men were shooting at the house.

Wagnon was wounded and returned the fire with his pistol. W. O. Foster came out of the house and handed a shotgun to Wagnon, who fired the shotgun at one of the men by the car and wounded him. The two men left and were later arrested. Foster was wounded by a gunshot from one of the guns in the hands of the two assailants.

As we view the evidence, the identity of appellant as one of the men firing in the house at Wagnon and Foster was fully established at appellant's nisi prius trial. It is unnecessary to detail the evidence adduced to establish this fact.

■ A killing and sudden passion, excited by provocation, without malice, is "manslaughter," since malice and heat of passion cannot co-exist, and is not murder. *Smith v. State,* 31 Ala.App. 12, 11 So.2d 466, cert. denied, 243 Ala. 627, 11 So.2d 473. To authorize a conviction for assault with intent to murder, evidence must show an assault with intent to take life, under circumstances which, if death had resulted, would have constituted murder. *Thompson v. State,* 37 Ala.App. 446, 70 So.2d 282.

Absent the necessary element of malice that is essential to an indictment for assault with intent to murder, the offending crime would be reduced to a misdemeanor embraced in the indictment.

Defendant sought to introduce evidence about a provocation between him and W. O. Foster earlier in the day. The trial court heard the evidence in camera and declined to admit the evidence before the jury. Defendant contended the evidence was admissible to show the existence of passion generated and resulting in the shooting at the W. O. Foster home.

■ The existence of such passion depended on its dissipation due to the intervention of "cooling time," which is a question of law for the court to decide, and not a fact for the jury.

The Supreme Court in a civil case, *Keiser v. Smith,* 71 Ala. 481, observed:

"The only proper test, at least in cases where the provocation and assault do not form parts of one continued transaction is, whether 'the blood had time to cool.' The criterion is not alone how many days or even hours had elapsed since the provocation was given, although this consideration is of vast significancy in ascertaining the main inquiry.—*Dolan v. Fagan,* 63 Barb. (N.Y.) 73; 1 Water. Tresp. § 268; 1 Hilliard on Torts (4th Ed.) 197, note (b).

"What constitutes a sufficiency of cooling time, or of provocation, is necessarily a question of law, and not of fact, the court being required to decide it preliminary to the admission or exclusion of the evidence offered in mitigation, analogous to the rule governing in cases of homicide.—2 Bish. on Cr.Law, § 713; *Felix v. State,* 18 Ala. 720.

"It is manifest that no absolute rule for all possible cases can be declared. The time in which a man of ordinary prudence would cool, under a similar state of circumstances, is usually designated as a reasonable time for such purpose. The law cannot preserve its own integrity, and at the same time admit the proposition, sometimes sanctioned by a sentiment originating in too tender regard for human fraility, that calm reflection on legal wrongs may justly increase one's rage in proportion to the length of time spent in their contemplation. The recognition of such a principle would speedily undermine, and ultimately destroy that

peace of society, which is absolutely essential to the very existence of good government.

"It has been said by high and ancient authority, 'If two men fall out in the morning, and meet and fight in the afternoon, and one of them is slain, this is murder, for there was time to allay the heat, and their after-meeting is of malice.'—*Rex v. Legg,* J.Kel. 27; 2 Bish. on Cr.Law, § 712; 1 Hawk.P.C. 190, § 22. One hour has been adjudged, in one case, to be a sufficient cooling time, and ·three hours in another.—*2* Bish. on Cr. Law, § 712; Johnson's Case, 30 Tex. 748. 'The act must be imputable to human infirmity only, and not to deliberate judgment and malignity of heart. Any diversion of the mind to other thoughts, or to business, or any circumstances showing deliberation or reflection, as well as the mere lapse of time, repeal the idea of passion.'—Clark's Man.Cr.Law, p. 69, § 436, and cases cited."

The Supreme Court in *Ragland v. State,* a criminal case, 125 Ala. 12, 27 So. 983(7), quoted with approval some of the excerpts of *Keiser,* supra.

We find in *Sheppard v. State,* 243 Ala. 498, 10 So.2d 822(6), Justice Bouldin, speaking for the court, observed:

"Cooling time is a question of law. *Keiser v. Smith,* 71 Ala. 481, 46 Am.Rep. 342; *Ragland v. State,* 125 Ala. 12, 27 So. 983, and authorities there cited. See also *Brunson v. State,* 212 Ala. 571, 103 So. 664; *Logan v. State,* 155 Ala. 85, 46 So. 480; *Crowder v. State,* 18 Ala.App. 632, 93 So. 338."

We hold that the trial judge in the instant case did not err in excluding the testimony of a prior difficulty. He saw and heard the witness with regard to the difficulty and determined therefrom that as a matter of law the evidence of a prior difficulty was not admissible.

The rulings of the court, so far as we find, are free of error.

The foregoing opinion was prepared by the Honorable Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under Section 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment is

Affirmed.

All the Judges concur.