Appellant was tried on an indictment charging him with murder in the first degree of Mollie Wiggins (appellant's wife) by shooting her with a pistol. He had pleaded not guilty and not guilty by reason of insanity. A jury found him guilty of manslaughter in the first degree and fixed his punishment at imprisonment for ten years. He was sentenced accordingly, but upon consideration of his application for probation the court suspended execution of the last nine years of his sentence and placed him on probation for such period of time. At the time of the tragedy defendant was seventy-four years of age and his wife was sixty-nine.
The undisputed evidence is to the effect that between 7:00 P.M. June 27 and 1:00 A.M. June 28, 1976, defendant shot his wife with a pistol while they were both in their home. The shooting was not an accident. Defendant reported the killing to a neighbor and requested that the police be called. They soon arrived, and Mrs. Wiggins was sent to the hospital, where she died eight days later.
No contention is made, and we find no basis for any reasonable contention, that if Mrs. Wiggins' death was caused by a bullet fired by defendant from a pistol, his conduct constituted at least manslaughter in the first degree. It is apparent that the jury gave him the benefit of the doubt on the question whether there was an absence of malice by reason of the circumstances claimed by defendant in invoking the principle that the absence of malice can be shown at times when one commits a homicide while in a passion aroused by discovery of his wife in an act of adultery. Logan v. State, 155 Ala. 85,46 So. 480; Brunson v. State, 212 Ala. 571, 103 So. 664;Sheppard v. State, 243 Ala. 498, 10 So.2d 822; Palmore v.State, 253 Ala. 183, 43 So.2d 399; Palmore v. State, 283 Ala. 501, 218 So.2d 830; Farr v. State, 54 Ala. App. 80,304 So.2d 898. We should note, however, that the evidence as to the claimed infidelity of Mrs. Wiggins was desultory and weak.
The only contention on appeal is that the State did not present sufficient evidence to present a jury issue on the question whether death was caused by the bullet defendant fired into the body of his wife. Dr. Rao Kakani, an experienced general surgeon, as well as an experienced cardiovascular *Page 341 
surgeon, testified that he was on duty in the emergency room of the Huntsville Hospital when Mrs. Wiggins was brought there about 2:35 A.M., June 28; she was in serious distress and her blood pressure was very low and she was "in very critical condition at that time." She had a gunshot wound on the right side of her neck which had gone through her chest to the left side. He performed surgery upon her, by exploring her neck where she was bleeding from a large blood vessel, controlled her bleeding and put a chest tube in her left chest, and she was then taken to the intensive care unit. He had her under his observation in intensive care until she died on July 6, 1976, at 10:00 A.M. In answering a question on direct examination by the State as to the cause of her death, he said:
 "Her immediate cause is a cardiorespiratory arrest, that means she stopped breathing and that stopped her heart. I felt that the immediate cause of death was the gunshot wound of the neck."
At the conclusion of the direct examination of the witness, he testified:
 "THE COURT: Is it your testimony that in your opinion, based upon a reasonable degree of medical certainty, that the cause of death of Mollie Wiggins was a gunshot wound of the neck?
"A Yes, sir."
On cross-examination of Dr. Kakani, he said that on July 4 the patient pulled out the intertracheal tube that he had placed in her throat at the time of the surgery; that the tube was replaced; that the pulling out of the tube was "something that would normally happen accidentally." In support of appellant's contention, he emphasizes the testimony of Dr. Kakani, as shown by the following questions and answers:
 "Q Can you say for certain that there was no intervening cause of death, outside the gunshot wound, no other outside cause?
"A I can't.
. . . . .
 "Q But you are saying that you can't say for certain that there was no intervening cause?
"A That is also true."
In support of his contention that the death of Mrs. Wiggins was not shown to have been caused by a bullet from a pistol fired by defendant, appellant relies heavily, if not exclusively, upon Welch v. State, 45 Ala. App. 657,235 So.2d 906, in which the late, lamented Judge Cates underscored the necessity of evidence showing that the death of an alleged homicide victim was caused by the act of defendant as charged in the indictment. In so doing, however, Judge Cates was not stating that any greater proof is necessary to present a jury issue on the question of causation as charged in an indictment than is required as to any other material averment of an indictment. He impressively distinguished between the degree of proof required in a civil case and that required in a criminal case, but, even in a criminal case, absolute certainty is not required as to the alleged cause of death or any other material averment of an indictment. To sustain a conviction the jury is required, as it was charged in this case, to be convinced beyond a reasonable doubt and to a moral certainty of the truth of every material averment of the indictment. If there is substantial evidence in support of every material averment of the indictment, the case is properly submitted to the jury. Although we see little basis, if any, for a reasonable doubt as to the alleged cause of Mrs. Wiggins' death, as revealed by the evidence, we have repeatedly held that the test whether the evidence shows guilt beyond a reasonable doubt and to a moral certainty is to be applied by the jury. The application of that test is not a function of the court. Howell v. State, Ala.Cr.App., 339 So.2d 138 (1976); Bell v. State, Ala.Cr.App.,339 So.2d 96 (1976); West v. State, 57 Ala. App. 596,329 So.2d 653, cert. denied 295 Ala. 427, 329 So.2d 658 (1976).
The reversal in Welch v. State, supra, is not inconsistent with an affirmance in this case. The difference between the two cases, in the evidence as to the cause of death, is more pronounced than any similarity. According to the majority opinion in Welch, the closest the evidence came to *Page 342 
showing that the gunshot wound was the cause of death was the testimony of a physician that the blood clot that caused death was "probably associated" with the gunshot wound.
We find no error in the record prejudicial to defendant. The judgment of the trial court court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.