BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant was indicted for assault with intent to murder. He was convicted by a jury as charged and sentenced by the trial court to fifteen years imprisonment in the penitentiary.
The evidence indicates that appellant had consulted an attorney with reference to a divorce from his wife and was interested in getting custody of the children. It' appears that about 2:00 a. m. on March 23, 1979, defendant left his own house, traveled a reasonable distance by truck to the home of the victim, who lived with his mother and father in Stapleton, Alabama, where defendant knocked on the door of the residence to which the victim’s mother responded. Defendant gave a fictitious name and asked for the victim who came outside to defendant’s truck.
Defendant testified that a conversation ensued whereby he importuned the victim to get in defendant’s truck and go with him to face his wife in an adultery charge with the victim, to the end that he might use the charge in his divorce and child custody proceedings then pending. The victim refused to go with defendant and departed in a run from the truck. It was then that defendant fired three pistol shots at the victim. Two of the bullets hit the victim, one in the back and the other in the shoulder, the third shot missed hitting the victim. The victim testified that the defendant threatened to kill him if he did not get in the truck.
*485 Defendant took the stand and testified that he did not intend to kill the victim. He contended that he was shooting to stop him from leaving the scene. After the shooting, defendant fled the scene in his truck.
This court in Ezzell v. State, 13 Ala.App. 156, 68 So. 578(1) held as follows:
“For a person to be guilty of an assault with intent to murder, the offense here charged, the assault must have been committed under such circumstances that, if death had resulted, the offense would have been murder (Code, § 6309, and cases cited), if it would have been manslaughter, then the person is guilty of only assault and battery, and if it would have been justifiable homicide, he would be guilty of nothing. So that, in determining the degree of a defendant’s guilt who is charged with an assault with intent to murder-that is, as to whether he is guilty of that or of a simple assault and battery-and in determining whether he is guilty of neither, because of having acted in self-defense, we are governed, as a rule, by the same principles as obtain in the law of homicide, and evidence that is admissible under such a charge is usually admissible under such a charge of assault with intent to murder and vice versa. We will therefore, with a view of answering and clarifying some of the questions raised in this case, advert briefly to the law of homicide as applied to persons killing officers in resisting arrest; some of the evidence here tending to show that defendant shot the prosecutor in resistance of an attempted arrest.”
Our Supreme Court held in Logan v. State, 155 Ala. 85, 46 So. 480, that the immediate killing by a husband of the man whom he finds in the act of adultery with his wife is manslaughter. See also Sheppard v. State, 243 Ala. 479, 10 So.2d 822, which holds as follows:
“A husband who finds his wife in act of adultery and moved by passion naturally engendered, immediately kills the wife, is not guilty of ‘murder’ but of ‘manslaughter’ only, but'if there is time for husband’s passion to cool and for reason to reassert itself before he kills the wife, or if he kills her immediately but is not moved by heat of passion but by prior malice, hatred, or desire to avenge the wrong, the husband is guilty of murder.”
For like principles of law see Yol. 11, Alabama Digest, Homicide # 47.
While the defendant here sought to prove an act or acts of adultery between his wife and his victim, there is nothing in the record to indicate that he caught his wife and his victim in the act, thereby creating passion that justifies a conviction for assault and battery. No such act is here involved. After the alleged adultery occurred, considerable time elapsed before the night of the offense embraced in the indictment. Under the facts in this case, we are of the opinion that the trial court ruled correctly in not permitting evidence of the alleged adultery between defendant’s wife and the victim. The evidence was not admissible.
A next contention is that the trial court erred in not permitting defendant to show that the victim had filed suit against him to recover damages for the alleged assault. Evidence of this nature may be permissible under some circumstances to show bias on the part of the victim. We pretermit this point. We have examined the entire record and conclude therefrom that the victim of the assault might have been biased from the aggravated circumstances attending the assault. We do not think the bias is made more manifest by evidence showing the institution of a damage suit. We decline to reverse the adverse ruling of the court that precluded the admission of the evidence. It was error without injury. Rule 45, ARAP. Frazier v. State, Ala.Cr.App., 365 So.2d 339; Cary v. State, Ala.Cr.App., 349 So.2d 616.
The court did not err in refusing several written charges tendered by defendant. They were either substantially covered by the court’s oral charge, were abstract, or failed to state correct and applicable principles of law. § 12-16-13, Code of Alabama 1975.
The judgment is affirmed.
*486 The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
Opinion corrected, application for rehearing overruled.
All the Judges concur.