BOWEN, Judge.
The defendant was indicted for the murder of John Henry Coates. A jury found him guilty of manslaughter. Alabama Code 1975, Section 13A-6-3 (Amended 1977). Sentence was five years’ imprisonment.
The only issue in this case is whether Mr. Coates’ death was caused by the gunshot wound inflicted upon him by the defendant.
On the 28th of January, 1981, the defendant shot Coates in the abdomen with a .32 caliber pistol. Coates died on March 7th.
This case would have to be reversed except for the testimony of Dr. Leroy Red-dick, the forensic pathologist who performed the autopsy on Mr. Coates. Dr. Reddick stated that the “immediate cause” or the “mechanism” of Coates’ death was thromboemboli, or blood clots, which formed in the victim’s legs, traveled through his heart and lodged in his lungs, blocking any blood to the lungs. Dr. Red-dick also testified as to the “proximate cause” of death.
“The proximate cause of death, in medical-legal terms, is the underlying disease or injury. Again, it’s the underlying disease or injury- that starts a series of changes in the body which, over a period of time, ultimately leads to somebody’s death. It is what is the initial insult, the initial injury. Proximate means first. It’s the first injury or insult that starts the body to change so that, ultimately, cha,nges take place that you can’t live with.”
In the opinion of Dr. Reddick, the proximate cause of Mr. Coates’ death was “the gunshot wound to the abdomen.”
“So the initial event that sent him on a downhill course to this was the gunshot wound. And then another event was the surgery which was lifesaving. And then, as he was recuperating, his body was geared to defending himself against bleeding. He had excess or increased clotting factors. Also, lying around recuperating, he developed some blood clots. They break away and he dies within six weeks of the gunshot wound.”
Mrs. Coates testified that, after her husband was released from the hospital, his condition “kept getting worse and worse every day. Worse and worse.”
The defendant relies upon Welch v. State, 45 Ala.App. 657, 235 So.2d 906 (1970), to *926 support his argument that the State did not prove that the gunshot wound caused Coates’ death. In that case this Court held that the State failed to prove that the blood clot which came from the deceased’s left leg was due to the wound in his right leg. Although the blood clot was the direct cause of death, the physician could testify only that the blood clot was “probably associated” with the gunshot wound. This testimony was held to be too vague.
This case is similar to Welch in that a blood clot, caused in part by inactivity, dislodged from the victim’s leg and lodged in the lung (see Judge Price’s dissent; 45 Ala.App. at 663). However, in this case the State did prove a causal connection between the injury inflicted by the defendant and the death of the deceased. Dr. Reddick’s testimony is not couched in such “speculation and conjecture” as is that found in Welch. See White v. State, 373 So.2d 356 (Ala. Cr. App. 1979). This is not a case where the medical witness did not state positively the cause of death. See Anno. 31 A.L.R.2d 693, Section 6 (1953).
“Where, . . . the wound inflicted by defendant upon the victim is dangerous to life, the fact that there are other contributing causes of death does not prevent such a wound from being the legal cause of death. It does not have to be the sole cause.” Smith v. State, 354 So.2d 1167, 1170 (Ala. Cr. App. 1977), cert. denied, Ex parte Smith, 354 So.2d 1172 (Ala. 1978). “(T)he intervention of days or weeks or months between the criminal act of the defendant and the death of the victim is a mere circumstance, and not usually an important factor, in determining legal responsibility for homicide . . .. ” Smith, 354 So.2d at 1170.
The State is not required to dispel every possible doubt or to show that some other conceivable cause of death did not cause death. “ ‘(T)he test of responsibility is whether the act of accused contributed to the death, and, if it did, he is not relieved of responsibility by the fact that other causes also contributed.’ 40 C.J.S. Criminal Law Section 11 (1944).” Flanagan v. State, 369 So.2d 46, 49 (Ala. Cr. App. 1979).
Here, there was testimony that death was not due solely and exclusively to natural cause, i.e. heart failure, with the injury in no way contributing to or accelerating death. Compare Duncan v. State, 30 Ala. App. 356, 6 So.2d 450, cert. denied, 242 Ala. 329, 6 So.2d 454 (1942). “Whatever may have been the physical condition of deceased at the time the wounds were received could not have benefited the defendant.” Dumas v. State, 159 Ala. 42, 44, 49 So. 224 (1909). Even if the injury was only a “partial cause or contributing factor that accelerated death, the defendant is none the less guilty.” The injury need not be the “sole efficient cause of death.” Harvey v. State, 15 Ala.App. 311, 314, 73 So. 200 (1916). “If it appear from the evidence that the death of deceased was accelerated by the violence of the defendant, his guilt is not extenuated, because death might have come from natural causes as a result of disease with which the deceased was afflicted at the time of the felonious assault.” Barron v. State, 29 Ala.App. 137, 139, 193 So. 190 (1940).
Here, as in Wiggins v. State, 354 So.2d 340 (Ala. Cr. App. 1978), the reversal in Welch is not inconsistent with an affirmance in this case.
“The difference between the two cases, in the evidence as to the cause of death, is more pronounced than any similarity. According to the majority opinion in Welch, the closest the evidence came to showing that the gunshot wound was the cause of death was the testimony of a physician that the blood clot that caused death was ‘probably associated’ with the gunshot wound.” Wiggins, 354 So.2d at 341-42.
The defendant argues that there was testimony from another doctor, who did not perform the autopsy, that there was no reason why Mr. Coates should not have had a complete recovery following his discharge from the hospital.
Dr. James Prescott operated on Mr. Coates following the injury. He testified *927 that the surgery was successful but that sometimes blood clots do develop in connection with surgery. He stated that the wound would have been fatal without treatment. When Dr. Prescott discharged Mr. Coates he found no reason why Mr. Coates should not have had a complete recovery.
Dr. Jack L. Dozier was Mr. Coates’ regular physician. He testified that the gunshot wound had a “debilitating effect” on Mr. Coates’ health but could not state whether his health deteriorated at the time solely because of the gunshot wound or “whether it was secondary to something else.”
Dr. Reddick, whose opinions we have already reported, was the only doctor who performed an autopsy on Mr. Coates. His opinions were not diminished by the testimony of the other doctors.
This medical evidence presented a question for the jury as to the cause of and reason of Mr. Coates’ death. The jurors were not bound by the opinion or opinions of the medical witnesses presented by the State, but were free to determine the weight to which each was entitled and to disregard some or all of them if they found any or all unreasonable. Cobb v. State, 50 Ala.App. 707, 282 So.2d 327 (1973); Duncan v. State, 30 Ala.App. 356, 6 So.2d 450, cert. denied, 242 Ala. 329, 6 So.2d 454 (1942). The factor which distinguishes this ease from Welch is that here the expert testimony was such that the jury did not have to guess at the cause of death. Hardison v. State, 30 Ala.App. 40, 200 So. 635 (1940).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.